# Staunton

## THE ELLIOTT-TRANT MOTOR CORPORATION v. AGNES BRENNAN.

### September 21, 1933.

Present, Holt, Epes, Hudgins, Gregory and Browning, JJ.,

The opinion states the case.

*J. M. Diven,* for the plaintiff in error.

*Daniel Coleman, N. T. Green* and *Thomas Amato,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This case grows out of an accident which happened in the city of Norfolk about eight o'clock on the night of the 31st of December, 1931, when Mrs. Brennan was injured by being struck by an automobile which was driven by M. N. Loring, an employee of the Elliott-Trant Motor Corporation, at the intersection of Princess Anne road and Colonial avenue, the former running east and west and the latter north and south through the said city.

Mrs. Brennan instituted suit against the motor corporation and M. N. Loring in which she obtained a verdict and judgment for the sum of $2,000. The negligence of the driver, Loring, is not an issue here, nor is the amount of the judgment questioned. Our sole inquiry is concerned with the applicability of the doctrine of *respondeat superior* which the plaintiff invoked and which the trial court approved. The defendant company complains that it was not shown or proven that Loring was its agent, at the time of the accident, and that if he was its agent he was acting beyond the scope of his authority at such time, being on and engaged in a mission of his own.

The pertinent facts are these. Loring had been employed for some nine years by the Trant Motor Company which was merged, in 1931, with the defendant company which continued his employment. On the night of the accident Loring was assisting, at the place of business of

the company, in taking an inventory, when a call from a customer came for the delivery to him of a battery and the return of his own battery to the company to be recharged. The employee who customarily executed such orders was engaged at the time and it devolved upon Loring to execute the commission. It happened that the customer lived in the same apartment house that Loring did, which was located at 29th street and Gosnold avenue, a considerable distance from the defendant company's place, which was at 13th street and Monticello avenue. In making the delivery of the battery Loring used an automobile which he had purchased, and was paying for, from the Trant Motor Company but which carried, at the time, a dealer's license plate, which belonged to the defendant company. He traveled north on Monticello avenue to 29th street where he went west to Gosnold avenue, the point of his destination. After installing the battery ordered and securing the one with which he was to return, for recharging, he ascertained that his wife and her sister intended to visit the home of a friend, who lived on Ward avenue, that evening and he suggested that he would drive them there. This was on his return trip to the company's office but it necessitated a deflection or deviation from a direct route there of several city blocks. It does not appear from the evidence the exact number or the distance covered by the purposed deviation. The deviation was never, in fact, made, except to the extent of one block. Loring on his return trip, accompanied by his wife and her sister, intending to go to Ward avenue *en route,* proceeded from the apartment house east to Colonial avenue rather than further on to Monticello avenue, and thence south to Princess Anne road, at which intersection the accident happened. Thus his intended deflection or deviation never took place except as above noted which, as we perceive it, was negligible. It is well to say that Colonial avenue is parallel with Monticello avenue, and Princess Anne road is nearly parallel with 29th street but it is a

block below 13th street, which appears to be precisely parallel with 29th street.

We are met now with the contention of the defendant's counsel that the intention or mental fixedness of purpose of Loring to make the prospective deviation is controlling of the question in hand, rather than what he actually did or had done at the time of the accident. We are urged that the legal effect of the intended deviation was an abandonment of the business of the master and an adoption of his own business which absolved the master from liability for injury sustained by the plaintiff. If the entire contemplated deviation had actually taken place we are not ready to say that it would have constituted such a departure from the commission which the servant was executing or such a physical deviation from the most direct route back to the company's place as would have the legal effect urged. We do not have to decide this, in our view. The contention seems not to be sustained by either reason or law.

■ In this connection we quote from *Cyclopedia of Automobile Law,* Blashfield, Vol. II, page 1406: "An unfulfilled intention to deviate from the direct route which would be followed in accomplishing the master's business will not vitiate that part of the service which is legitimate and useful.

"Thus, where the sales manager of an automobile company, who, with the company's knowledge, used one of its cars to travel between his office and home, directed the driver after he had reached his home to take the car to the company's repair shop or garage and a seamstress to her home a little beyond the shop, the chauffeur on the trip between the sales manager's home and the repair shop must be deemed acting within the course of his employment, even though it was contemplated that the journey should extend a short distance beyond the repair shop." See *Clawson* v. *Pierce-Arrow Motor Car Co.,* 231 N. Y. 273, 131 N. E. 914.

■ The facts abundantly show that Loring was an em-

ployee and, in the business at hand, the agent of the defendant company. He was working for it at the very time the order for the battery was received. He was attending to its business in the delivery and exchange of batteries and in returning with the defective battery for re-service. He was not directed by the company as to what route he should go or return. This was discretionary with him. Indeed he says that he never went and returned the same way. As to defendant's contention of the effect of his intention to do something that he did not do we have already expressed ourselves. As to a matter of this character, a mental conception is too variable and evanescent an element to be controlling. The legal effect of circumstances very similar to those in this case have repeatedly been before this court. The cases of *Drake* v. *Laundry Corp..* 135 Va. 354, 116 S. E. 668; *Kidd* v. *DeWitt*, 128 Va. 438, 105 S. E. 124; *Ritchie* v. *Waller,* 63 Conn. 155, 28 Atl. 29, 31, 27 L. R. A. 161, 38 Am. St. Rep. 361, are applicable and illuminative.

From the foregoing it will be seen that it is unnecessary to discuss the instructions sought to be brought in question.

There seems no need to multiply authorities. We are in accord with the judgment of the trial court and it is, therefore, affirmed.

*Affirmed.*

EPES, J., dissenting.