# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## MASTER AUTO SERVICE CORPORATION V. CLEDIOUS M. BOWDEN.

April 13, 1942.

Record No. 2509.

Present, All the Justices.

The opinion states the case.

*R. M. Hughes, Jr.*, for the plaintiff in error.

*Roland Thorp*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The Master Auto Service Corporation, defendant below, conducts an automobile supply service and repair system in the city of Norfolk. On April 6, 1940, the corporation directed an employee, Levi Powell, to take one of its trucks to the plant of a customer, the Transit Mixed Concrete Corporation, to get a damaged tire from the customer, transport it to the defendant's plant, repair the tire and return it. Powell went to the customer's plant and removed the tire. After he had proceeded only one block on his return trip, a strange Negro who claimed to be sick with a hemorrhage of the nose, asked Powell to carry him across town eighteen blocks to a drug store near the stranger's home. After discharging the stranger, Powell turned his truck around and started back to the garage of his employer. Within two

blocks of the drug store on the return trip, Powell had an accident in which several people, including Cledious M. Bowden, were seriously injured. Bowden instituted this action against the Master Auto Service Corporation and Levi Powell to recover damages for personal injuries. The jury returned a verdict in the sum of $3,500, on which judgment was entered against both defendants. This judgment is now final as to Powell. However, the Master Auto Service Corporation sought and obtained this writ of error.

The only question presented is whether Powell, at the time of the accident, was about his master's business and acting within the scope of his employment.

The Master Auto Service Corporation instructed its drivers, when sent on missions of this nature, to proceed over the most direct route to their destination, to return over the same route, and to pick up no riders going or returning. These rules and regulations were well known to Powell, who testified that, at the time he picked up the stranger and made the deviation from the direct route, he knew he was disobeying the orders of his master.

To fasten responsibility upon an employer for a tort committed by an employee under the doctrine of *respondeat superior*, a plaintiff must not only establish the relation of master and servant between the parties, but he must prove (1) that at the time of the commission of the tort the servant was about his master's business, and (2) that the servant was acting within the scope of his employment.

However, if it appears from the evidence that, at the time of the commission of the tort, the servant had temporarily abandoned the business of his master and was engaged in some activity of his own entirely disconnected with his master's business, then the master is not liable, although the servant was using the master's property and the injury could not have been caused without the facilities afforded to the servant by reason of his relation to the master.

Cases involving these principles are legion. The difficulty lies in determining the degree of deviation or departure from the master's business which will relieve the master of

responsibility. "If the deviation is not too extensive," the master will not be relieved. *Kidd* v. *De Witt*, 128 Va. 438, 105 S. E. 124.

"* * * there is an area, beyond and around the place within which the strict terms of the employment require the servant to remain, into which common experience with, and observation of, human nature suggest that he will, as inclination dictates, probably go, this is a risk which properly belongs to the business, and injury to the public by the servant while within this area should ordinarily be accepted as a burden upon the industry itself. It is only where the employee has, for purposes of his own, departed so far from the line of his duty that for the time being his acts constitute an abandonment of his service, that the employer is not liable." 35 Am. Jur. 991.

If the deviation from the direct route or the departure from the master's business is slight, or if the deviation is marked and unusual, and there is no conflict in the evidence, the court should decide the issue. Between these two extremes, the facts and circumstances disclosed may be such as to carry the issue to the jury. The record before us reveals that there is no conflict in the evidence. The question is one of law and should have been decided by the court instead of the jury.

Levi Powell knew, when he permitted a stranger to get into his truck and started to another part of the city, that he was violating two express rules of his master. His purpose in so doing was to extend a personal act of kindness to a member of his own race. The direction he took in carrying out this purpose was almost at right angles to the route which he had been instructed to follow, and more than a mile out of his way through the congested business section of the city of Norfolk.

The elements of this deviation are: (1) an intent of the servant to pursue a purpose of his own, (2) a disobedience of the master's instructions, and (3) a trip which took the servant outside the area or zone of operation in which the terms of his employment required him to remain,

for a purpose entirely disconnected with his master's business. Under the circumstances, this departure or deviation is so marked and unusual that it must be held, as a matter of law, that the servant at the time was not about his master's business and was not acting within the scope of his employment.

Plaintiff contends that when the servant discharged his rider and started back to the plant he had completed his personal mission, and that, since the accident happened on the return journey, the relation of master and servant existed.

On this point there are divergent views. It would be useless to review the many cases on the question, as it is impossible to harmonize them. Most of them are collected in the annotations found in the A. L. R. series. See 22 A. L. R. 1397; 45 A. L. R. 477; 50 A. L. R. 1450; 68 A. L. R. 1051; 80 A. L. R. 725; 122 A. L. R. 858.

*Railway Express Agency* v. *Lewis*, 156 Va. 800, 159 S. E. 188, 76 A. L. R. 350, is cited to support plaintiff's contention. The *Lewis case* arose under the Workmen's Compensation Act. Hence, the question was whether the injury to the employee arose "out of and in the course of the employment." Speaking to the point, we said: "Whether an injury is incident to or connected with the particular business; that is, whether it arises out of and in the course of the employment, depends upon the peculiar circumstances of each case. No exact rule can be formulated by which every case can be decided."

The facts in this case are easily distinguishable from the facts in the *Lewis case*. In the last named case, (1) the master permitted Lewis to select his own route in going from one part of the city to another, (2) Lewis disobeyed no instructions of the master, (3) the master knew when he gave permission for Lewis to make the deviation from a direct route that the truck contained numerous packages for delivery in the western part of the city of Richmond, (4) the mission took the servant only a few blocks out of the most direct route to his point of destination, (5) the servant did not intend to abandon his master's business, and (6) the servant coupled a personal mission of his own with

the business of his master. Under these circumstances, the departure or deviation was so slight that the result would have been the same if the accident had occurred before the employee had completed his personal mission.

In the case under consideration, the return to the area or zone within which the master had directed his servant to conduct his business became necessary only because the servant had originally left this area or zone on his personal mission, thereby temporarily abandoning the service of his master. The mere fact that the truck was headed toward this zone of operation instead of from it should not be determinative of the property rights of the parties. The purpose in the mind of Powell, when returning after the completion of the personal mission, doubtless was to resume the duties of his employment, but the accident occurred before he reached the zone of his master's operations. The master's liability should not rest alone on the purpose in the mind of the servant. As Mr. Justice Browning, in *Elliott-Trant Motor Corp.* v. *Brennan,* 161 Va. 140, 144, 170 S. E. 601, said: "As to a matter of this character, a mental conception is too variable and evanescent an element to be controlling."

The true test of liability is whether the servant was engaged in his master's business and not whether he proposed to resume it. The return of the truck with the damaged tire on it was referrable to, and an incident of the departure. It was Powell's own wrong in departing from the zone in which his master had directed him to work that created the duty to return. In so returning, he was but undoing that wrong. He was no more engaged in his master's business while returning to, than while departing from, his zone of duty. *Southwest Dairy Products Co.* v. *Defrates,* 132 Tex. 556, 125 S. W. (2d) 282, 122 A. L. R. 854.

The judgment of the trial court is reversed and final judgment entered for defendant.

*Reversed and final judgment.*