JOSEPH R. CLEGG, PETITIONER-DEFENDANT, v. INTER-
STATE INSURANCE CO., AND MOTOR FINANCE COR-
PORATION, RESPONDENTS-PROSECUTOR.

Argued January 19, 1943—Decided June 24, 1943.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Cox & Walburg* (*Arthur F. Mead,*
of counsel).

For the defendant, *William V. Breslin.*

The opinion of the court was delivered by

COLIE, J. This writ of *certiorori* was allowed to review
proceedings in the Workmen's Compensation Bureau which
terminated in an award in favor of the petitioner. There
was no intermediate appeal to the Court of Common Pleas
because the accident happened in New York State.

The facts are that Joseph R. Clegg, who resided in West-
wood, Bergen County, in this State, was employed by Inter-
state Insurance Company as an adjuster. Among his duties
was that of collecting payments on and repossessing auto-
mobiles. On August 9th, 1941, he had several assignments
in the northern part of Bergen County and one in Nanuet,
which is out of the limits of New Jersey and in the State
of New York. He arrived at Nanuet about four-thirty in
the afternoon. He did not find either Mr. Conklin, whom he
was seeking, or the automobile which was to be repossessed
at Nanuet so he telephoned Mr. Conklin's home in New City
but got no answer. When asked what he decided to do then,

his answer was: "Well, previously my wife was taking a ride with a girl friend of hers to Newburgh. The girl friend was going to visit some friend of hers; they weren't friends of my wife. If I could, I left in the morning; I said if I completed this case early I would come up, and I got definite directions written down for me and I would pick her up and she could ride home with me."

An examination of the map introduced in evidence shows that New City is generally north of Nanuet and distant from the latter about four miles; Newburgh is generally north of Nanuet distant therefrom approximately thirty-five miles. On his arrival at Newburgh, according to the plan previously arranged with his wife, petitioner spent the evening. At about eleven-thirty at night, he started to drive south from Newburgh on a route which appears by the map to be a direct route by which to return either to New City or to his home in Westwood. He testified that he intended to return to New City and repossess the car since he believed that Mr. Conklin would by then have returned to his home.

When but a few miles out of Newburgh, he sustained an accident resulting in injuries for which the Workmen's Compensation Bureau gave him an award.

The question for decision is whether or not, under such circumstances, the accident arose out of and in the course of the employment. As previously stated, the Compensation Bureau found that it did.

In *Pilkington* v. *State Highway Department,* 124 *N. J. L.* 11, this court approved the test as laid down by the New York Court of Appeals in *Marks Dependents* v. *Gray et al.,* 167 *N. E. Rep.* 181, that "If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. *Clawson* v. *Pierce-Arrow Motor Car Co.,* 231 *N. Y.* 273; 131 *N. E. Rep.* 914. If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk." This court

in the *Pilkington* case found as a fact that the decedent did not meet with an accident arising out of and in the course of his employment and the Court of Errors and Appeals affirmed, 125 *N. J. L.* 444.

It becomes necessary in each case to determine, therefore, whether the travel is on the employer's business or on personal business, and we find as a fact that when Mr. Clegg left Nanuet and went approximately thirty-five miles beyond any point where the business of his employer required him to be, in order to keep a previously made personal engagement, that he then abandoned his employment. Compare *Okin* v. *Essex Sales Co.*, 103 *N. J. L.* 217; *affirmed*, 104 *Id.* 181; *Shefts* v. *Free*, 105 *Id.* 577.

The award in the Workmen's Compensation Bureau is reversed, with costs.