GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; MARÍA P. DE JESÚS, Claimant.

No. 341. Argued February 5, 1945.—Decided March 5, 1945.

*A. de Jesús Matos, J. Correa Suárez,* and *A. Sandín del Manzano, Legal Advisers of the State Insurance Fund,* for petitioner. *Virgilio Brunet* for claimant.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The Manager of the State Insurance Fund has asked us to review and set aside the decision rendered by the Industrial Commission on November 13, 1944, declaring an accident sustained by María P. de Jesús, a school teacher, to be compensable on the ground that the same had occurred during the course and in consequence of the work performed by the claimant.

The facts, as the same appear from the steno-

graphic record of the hearing held before the commission, are as follows:

Miss María P. de Jesús had been engaged by the Department of Education to work as a teacher in a school located in the ward of Guzmán Arriba, in the Municipality of Río Grande. As in said ward there was no place where the teachers could obtain lodgings, the claimant and her colleagues every morning used to take at Río Grande 'an automobile which would carry them to a place along the highway from which they rode on horseback or walked for a distance of 3 kilometers until they reached 'the schoolhouse; and in the afternoon they would return to Río Grande where they resided.

Darío Franqui, the driver of the automobile which was to carry the claimant to the school on the day of the accident, testified that he went to call for her early in the morning, at about 7:15, and stopped the car some 12 or 15 meters from her house; that at that time passage at that place had been obstructed because a ditch had been dug in order to lay a cable in it and the ground was somewhat high and it had rained; that when Miss de Jesús was about to board the car, she slipped and, although he tried to hold her, she fell to the ground and was wounded by a piece of corrugated iron which was found there; that she fell just as she was about to grasp the door of the automobile; that she was carrying a pile of books and notebooks, a portfolio, and a raincoat as it was raining.

The claimant began her testimony by giving a detailed account of her daily activities. She used to leave her house at about 7:15 in the morning and arrived at the school at about ten minutes to nine. She remained in the school until four o'clock in the afternoon, and as the school was far removed from the town, she would leave immediately, and it took her three quarters of an hour, or until 4:45, to reach the highway, where she boarded an automobile in order to

go to Río Grande, arriving there at 5:30 p.m. As she did not have time to prepare in the schoolhouse the plans for her work next day, she was compelled to prepare them at home in the evening or at half past five in the morning, before leaving for school.

In order to be able to prepare said plans at home, she had to bring from the school and carry back on the following day all the books pertaining to "Community Problems," a handbook, and certain charts. On the day of the accident she was carrying with her all of that school material and in addition a raincoat and an umbrella, because the school is located near El Yunque and it rains there almost every day. The accident occurred when, upon attempting to grasp the door of the car, she slipped on the pavement which was damp and "as I had both hands full with books and was carrying a raincoat and a chart, I slipped and fell."

Pedro Díaz Fonseca, Assistant Superintendent of Schools of Río Grande, testified corroborating the testimony of María P. de Jesús as to the work she performed as a teacher and the trip that she had to make every day in going to and from the school.

The petitioning manager urges that the commission erred in holding that the accident in this case occurred in the course of the work of the teacher and as a consequence thereof; and also in holding that the discharge of her duties as a teacher created the necessity for her to travel, to and from her work, so that while so travelling the teacher was in the course of her employment. In support of his contention, he cites the case of *María Pérez* v. *Industrial Commission*, 53 *D.P.R.* 960, a *per curiam* decision, in which we held that, where a teacher of a school located in the urban zone of Bayamón, upon attempting to board a bus which was to convey her to said school, slipped on the pavement and suffered injuries for which she claimed compensation from the State Fund, the accident was not compensa-

ble. We based our decision on the doctrine whereby acci-dents of this kind are regarded as arising from risks which are peculiar to the streets and are shared by all the members of the community.

The injured teacher maintains that the applicable doctrine herein is the one laid down by this court in *Bacó* v. *Industrial Commission*, 52 P.R.R. 836, and *Atiles, Mgr.* v. *Industrial Commission*, 63 P.R.R. 774. In the first of said cases, after citing, with approval, the opinion of Judge Cardozo in *Matter of Marks* v. *Gray*, 251 N. Y. 90, 167 N. E. 181. we concluded that the applicable test is: "If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own; . . . If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk." Applying that rule in the *Bacó* case, *supra*, we held that an accident sustained by two employees while going in an automobile owned by one of them from a sugar mill to the town of Yauco in order to take their lunch there, was not compensable, though said employees were charged with the duty of getting the mail which their employer had in his town office for delivery to his field office.

The case of *María Pérez* v. *Industrial Commission*, *supra*, may be easily distinguished from the one at bar. There the claimant Pérez lived in the town of Bayamón and the school where she worked was located in the same town. She could travel to her school either on foot or in a bus, according to her own wishes or convenience. Her situation was identical to that of a workman who goes daily to and from the factory and sustains an accident while travelling on the public highway. In such cases the applicable rule is the one

known as the "going and coming rule," since the State Insurance Fund does not insure a workman against all risks and only compensates him for accidents sustained in the course of his employment and as a consequence thereof.

The special and extraordinary circumstances of the instant case lead us to the conclusion that the doctrine to be applied is that of the *Bacó* and *Arroyo* cases, *supra*.

The teacher María de Jesús lived in the town of Río Grande and worked in a school located in the mountains, at a distance of 7 kilometers from the town. Since at that place there was no house in which she could obtain lodging for herself, the teacher had to travel daily 7 kilometers in going to the school and 7 in returning every afternoon to her house in the town. As she could not prepare the work for the next day in the school, she had to take with her the books and school material necessary for preparing it at home, and bring it back to the school on the following day. The work which she had to perform at such a distant place not only created the necessity for a long and hazardous trip—partly in an automobile and partly on horseback or on foot—but also compelled her to have her hands full with the school material which she carried, placing her in a defenseless position as against any accident which might happen to her during the trip. Probably, if she had had her hands free at the time she slipped, she could have avoided the accident as a result of which her Achilles' tendon was cut. We are of the opinion that the facts and extraordinary circumstances of the case justify the finding made by the Industrial Commission, to the effect that the work of the injured teacher lasted each day from the time she left her home carrying the books and school material until she returned to her house in the afternoon. In accordance with the evidence introduced, the accident occurred in the course of the employment and as a consequence thereof.

The decision sought to be reviewed should be affirmed.