MOISE, Justice
(dissenting).
In this dissent I am not attacking persons but opinions, not motives but reasons, not judges but decisions.
The polar star of interpretation which must be applied to the Workmen’s Compensation Law is twofold:
First, in order to show the Legislative intent the language of the statute must be followed.
Second, on questions of the law the Court must adopt a liberal interpretation in favour of the employee and against the employer.
The majority opinion did not apply these rules.
The facts are substantially stated in the majority opinion, but we must remember a law of human nature as to the operation of the mind — -one may travel a route with two co-existing purposes. The record shows that the deceased had gone to Olla to fill an appointment with Mr. Crow, a customer of his employer, Wilson Supply Company. Mr. Crow was unable'to keep the appointment, and the deceased thereupon left Olla to get some dinner in a neighbouring town (there being no suitable places to eat in Olla itself), with the intent to return to Olla after he had eaten and continue his attempts to contact Mr. Crow, the customer of his employer. The fact that for part of his initial journey to Olla in the morning he had a passenger in his car and for part of his return journey to Olla in the evening he had the same passenger in his car does not alter the purpose or motivation for the two trips to Olla; namely, the necessity for his contacting a customer of his employer. When he met his death, the deceased was attempting to complete the unfinished business of his employment.
Mr. Justice Cardozo has prescribed the test for the dual purpose doctrine in the case of Marks’ Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181, 183. That was a suit in which a trip of an employee was made for combined business and personal reasons, and it concerned the interpreta *159 tion of the phrase “in the course of the employer’s business.” There Justice Cardozo wrote:
“To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled.”
We must keep in mind the determinative question — would George Barnes have returned to Olla to see Mr. Crow, regardless of any decision which his passenger and companion might have made to stop off at any point along his return route. An affirmative answer here should be the “pay off.” The decedent did meet his death on the return trip to Olla and performing services incidental to his employment; but the Court inadvertently restricts the liberality of the language of the Act, by holding that this decedent had to be injured by accident arising out of and in the course of his employment.
A mere reading of the Legislative Act, No. 20 of 1914, as amended, would show that in order for an employee in a hazardous occupation to recover for injuries, or his dependents for his death, under the Workmen’s Compensation Act of Louisiana, it is not necessaryto show that he was injured by accident arising out of and in the course of his employment, but only to establish the fact that he was injured performing services arising out of and incidental to his employment, in the course of his employer’s trade, business or occupation.
Barnes was an employee in a hazardous occupation — one which involved the operation of a motor-driven vehicle. He was on a mission for his employer. The transcript shows that he was engaged in an occupation as a traveling salesman, that he could work at any time of the day or night, and as a result of his employment he met his death.
To apply the law to the facts of this case we must go to the. Legislative Act. The title of the original Act declares it to be an act prescribing liability of an employer to make compensation for injuries received by an employee in performing services arising-out of and incidental to his employment in the course of his employer’s business, trade or occupation.
Paragraph 2 of Section 1 of the Act, Acts 1914, No. 20, Section 1, Dart’s Louisiana General Statutes, Section 4391, reads:
“Every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business or occupation in the following hazardous trades businesses and occupations: jfc sji ‡ >>
Section 2 of the Act, Acts 1914, No. 20, Section 2; 1918, No. 38, Section 1, 1926, No. 85, Section 1, Dart’s Louisiana General Statutes, Section 4392, reads:
“If an employee employed as herein-above set forth in section 1 (S. 4391) (ex *161 cept an employee who shall be eliminated from the benefit of this act for the reasons hereinafter set forth in section 28 (S. 4417) of this Act and elsewhere) receives personal injury by accident arising out of and in the course of such employment his employer shall pay compensation in the amounts and on the conditions and to the person or persons hereinafter provided.”
Paragraph 2 of Section 1, as well as the title of the Act, make the sole qualification the receiving of injuries (in) performing services “arising out of and incidental to his employment.” The phrase modifies the word Services. In Section 2 the phrase “arising out of and in the course of such employment” modifies the word Accident.
The Act itself takes notice of the cause-effect relationship between “accident” and “injury” in the following language:
“The word ‘Accident,’ as used in this act shall unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the time objective symptoms of an injury. * * * The terms ‘injury’ and ‘Personal Injuries’ shall include only injuries by violence to the physical structure of the body and such diseases or infections as naturally result therefrom. The said terms shall in no case be construed to include any other form of disease or derangement, howsoever caused or contracted.” Acts 1914, No. 20, Sec. 38; 1918, No. 38, Sec. 1; Dart’s Louisiana General Statutes, Section 4427.
As the language of the Act is thus construed, the nature of the injury, the cause of the accident, and the agency producing it are immaterial. For, it is the time of the injury, the place where it was received, the mission of the employee, which bring about a determination that the services of that particular time were “out of and incidental to his employment.” These constitute the test for recovery, which the majority opinion has ignored.
It seems that the Court of Appeal relies on the Kern case to disallow this recovery. That is a judicial non sequitur, because what the Kern case held was that if the duty of the employee in the course of his employer’s business brought him into contact with peril, and he was injured, he was protected by the Compensation Act, even though the perils were common to all mankind. That was a logical conclusion, for in the Workmen’s Compensation Act itself, the assumption of risk, has been abolished as a defence. The instant case therefore falls squarely within the rule of recovery in the Kern case, because the employee was a salesman, furnished with a car, for travel, which subjected him .to all the perils of the road, and he met his death while he was on the return journey to complete the unfinished business of his employer. He thus was within both tests of the Kern case. The uncontroverted facts of the case show that at the moment of the ac *163 cident he was on the return journey towards Olla with the intention there of seeing the customer. This is precisely the same purpose with which he travelled that same road earlier in the day. If he was not performing services incidental to his employer’s business in the course of his employment when he met with the fatal injury, then he was not performing services incidental to his employer’s business and in the course of his employment that morning when he travelled the same route. On both occasions he had Miss Sookul with him; but on both occasions his main purpose and intention was to go to Olla to get the signature of the customer of his employer.
Therefore, we hold it self-evident that if by one mode of interpretation the right of recovery under the Workmen’s Compensation Act may become shadowy and unsubstantial, and by another mode of interpretation that just end can be attained and the manifest purpose of the Act secured, the philosophy of law is that both upon principle and almost irresistible reasoning the latter interpretation ought to prevail. No court of justice can be authorized so as to construe any clause of this Act, if this view is correct, except by using the language of the Act, relating to hazardous occupations. To do otherwise would be to defeat the obvious purpose of the law when we should give a construction accordant with the words and sense of the Legislature which would fully enforce the provisions of the law and protect the workmen in the remedy which the law has granted them. A recovery should be had.
I respectfully dissent.