**CARDWELL, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2085.   Decided April 28, 1950.

L. R. Cousineau, Dayton, for plaintiff-appellant.

Hon. Herbert S. Duffy, Atty. Genl., T. Vincent Martin and Hugh P. Brennan, Asst. Attys. Genl., Columbus, for defendant-appellee.

**OPINION**

By MILLER, PJ:

This is an action against the Industrial Commission of Ohio for personal injuries received in the alleged course of the plaintiff's employment.

The answer after admitting the jurisdictional averments was a general denial.

A jury trial was had resulting in a verdict for the plaintiff. A motion for a new trial was not filed but a motion for a judgment non obstante veredicto was interposed, which was sustained and the judgment was rendered for the defendant. The sole question involved was whether or not the appellant's injuries were received in the course of and arose out of his employment.

The record discloses that on the date of the alleged injury the appellant was employed by the Perry Auto Exchange, Incorporated, which was engaged in the business of conducting a used car sales business upon an open lot. His duties consisted of picking up and delivering cars, going to the bank and other errands, turning the lights on and off at the lot each day and acting as salesman and manager of the lot. He worked whenever needed and was subject to call at all hours, either day or night. On Sunday, November 24, the date of the injury, he was to receive telephone calls at his home as well as attending the lights. His employer testified that his duties at the lot were such as to require him to make three or four trips a day and that his employer furnished him an automobile for his own use.

The evidence discloses that on the above date the plaintiff left his home in his employer's car about 3:00 P. M. accompanied by his wife. The purpose of this trip was social and after completing their visit they went to look at a house which the plaintiff was considering purchasing. Upon leaving the house he testified that it was getting dusk, which was around 7:00 P. M., at which time he was supposed to turn on the lights. He said he then started to go to the lot but after a short time his wife reminded him that he was to pick up some people. He then changed his course intending to pick them up since it was on his way home to go there, get the telephone calls, if any, and then proceed to the lot. It was while he was thus traveling that he was struck by a train at the railroad crossing and injured. Now under this state of facts was there any substantial evidence in the record tending to establish the plaintiff's claim? It is the contention of the defendant that the actual employment of the plaintiff

did not commence until he arrived at the situs of his employment and therefore the injury could not have been received in the course of or have arisen out of his employment.

The law seems to be well established in this state that an injury suffered by an employee in going to or returning from his employer's premises where the work of his employment is carried on, excepting in special instances, is not occasioned in the course of, nor does it arise out of, the employment so as to entitle him to compensation. But the facts in this case seem to differ from the "going and coming" cases where the employee has a fixed time to appear at his employer's place of business. The evidence here clearly establishes that the plaintiff was subject to call at all times, his employer testifying that he was on duty twenty-four hours per day; that his duty of turning on and off the lights required his traveling over the streets three or four times a day. When traveling is involved there can be no "fixed situs of employment."

In the case of Marks' Dependents v. Gray, 167 N. E. 181, Justice Cardozo lays down the test to be the reason for the trip, that when the main reason is in the employer's business, the employee is in the course of his employment even if at the time he is doing some act beneficial to himself. He says:

"If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. If, however, the work had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purposes, though the business errand was undone, the travel is then personal, and personal the risk."

Another case somewhat similar to ours is found in **Industrial Commission of Ohio v. Murphy, 50 Oh Ap 148**, the syllabus of which is:

"Where an undertaker's employee who has no regular hours of employment but is subject to call at all hours, is struck by an automobile while responding to a call from his employer to hurry to the funeral home, the injuries thus received are sustained during and by reason of his employment."

The trial court in sustaining the motion seemed to have been of the opinion that when the plaintiff started for the

used car lot he was acting in the course of his employment, but that when he changed his course to pick up some people there was a "deviation," which removed him from his employer's business and that he was on an errand of his own at the time of the injury. This conclusion was arrived at because the evidence showed, the court said, "he was not proceeding in the direction of his home at the time of the injury, although the only testimony on the subject is that the plaintiff said he was going home." When the trial court found that the plaintiff was not proceeding in the direction of his home he was finding a fact upon which there was a conflict, as the plaintiff testified that at the time of the injury he was proceeding to pick up the people, go home and get the telephone calls, if any, and then proceed to the lot to turn on the lights. What he was doing at the time of the injury we think was a factual question and should have been determined by the jury.

The Court gave two special instructions before argument which correctly stated the law, we think, as follows:

"1. I charge you, as a matter of law, that if Carl Cardwell was doing anything that had a casual connection with his employment at the time of injury, either through its activities, its conditions, its environments, or by order of the employer, then your verdict shall be for the plaintiff, regardless of the manner or direction in which he was proceeding to carry out that employment.

"2. I charge you as a matter of law that should you find that Carl Cardwell was proceeding at the time of injury to do any service that was appropriate and helpful to his employer, then he was in the course of his employment and your verdict shall be for the plaintiff."

Having in mind that the plaintiff is entitled to a liberal construction of the law as set forth in **Roma v. Industrial Commission, 97 Oh St 247,** and **Industrial Commission v. Weigandt, 102 Oh St 1,** it is our conclusion that the question involved was properly submitted to the jury and the Court erred in sustaining the motion. The judgment is reversed and the cause is ordered remanded with instructions that the judgment non obstante veredicto be overruled and the judgment rendered for the plaintiff in accordance with the verdict.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.