GUILLERMO ATILES MORÉU, ETC., Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., ET AL., Respondents.

No. 437.    Argued April 2, 1951.—Decided April 19, 1951.

Angel de Jesús Matos and José C. Ramos Vázquez for petitioner. Luis A. Negrón López for Santiago Pietri, respondent.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In 1948 José Pablo Santiago Pietri was employed by the War Emergency Program as Superintendent in connec-

tion with the construction of a kilometer of road about 13 kilometers from Sabana Grande. There was no place near the project where Santiago could live or eat. The budget of the project did not provide for construction of a house for him. There was no mail delivery to the project and no telephone or telegraph facilities at the scene.

In view of the foregoing circumstances, Santiago had to live in Sabana Grande. He received correspondence with reference to the project at his own house in Sabana Grande. As there was no typewriter or paper at the project, he would write his replies before he left home for the project. He also used the telephone and telegraph facilities at Sabana Grande occasionally to communicate with his superiors.

He always left home in time to arrive at the project at the starting time of 7 a. m. The employer did not furnish him with transportation from his home to the project. He remained there during the entire day until 4 p. m., giving orders, receiving material and in general supervising the work.

In November, 1948 Santiago took a public automobile between 6: 30 and 7: 00 a. m. and paid his passage personally in order to go from Sabana Grande to the scene of his work. An accident occurred on this trip and Santiago was injured. The Administrator of the State Fund denied his claim for compensation. He appealed to the Industrial Commission which reversed the Administrator and awarded him compensation. We granted the petition of the Administrator for review of the decision of the Commission.

We think this case is controlled by *Bacó* v. *Industrial Commission*, 52 P.R.R. 836; *Ríos* v. *Industrial Commission*, 66 P.R.R. 385; and *Atiles, Mgr.* v. *Industrial Commission*, 66 P.R.R. 414. Ordinarily, accidents sustained while going to and from work are not compensable. In the foregoing cases, we followed the test laid down by Judge Cardozo in *Marks' Dependents* v. *Gray*, 167 N. E. 181, 182

(N. Y., 1929), that an employee is travelling in the course of his employment only if the work creates the necessity for the travel apart from the ordinary travel to and from work.

To meet this test, it is not enough to show simply that conditions were such that the employee was compelled to live apart from his work. Facts must also exist showing that a duty to the employer created the necessity for the particular trip. This trip was being made in order that Santiago could get to work. The case therefore comes under the general rule. Under these circumstances, he was exactly like any other workman who did not live near the project because of lack of housing facilities and had to travel to work. The case would be different if Santiago were making a trip specifically to get some mail or to phone or telegraph his superiors. But here was simply going to work from his home. Under those circumstances, he was exactly like all the other workmen who could find no living accomodations at the scene. We cannot hold that an accident suffered on such a trip was compensable because on other occasions he might have to take trips for the benefit of his employer in view of the unavailability of communication facilities at the scene.

In the *Ríos* case we distinguished *Atiles, Mgr.* v. *Industrial Commission*, 64 P.R.R. 590 and *Atiles* v. *Industrial Commission*, 63 P.R.R. 774, on which the employee relies here. We pointed out at p. 386, footnote 1, that the first case involved "a teacher who was carrying school material from her home to school", and that the second case involved a teacher who taught in two schools in different towns and therefore necessarily had to travel because of her duty to her employer.

Although the result we have reached makes it unnecessary, we think it appropriate to comment on the second error. The assignment is that the Commission in this case violated § 10 of Act No. 45, Laws of Puerto Rico, 1935, as amended by Act No. 43, Laws of Puerto Rico, 1942, which reads in part as follows: "If the case is set for hearing by a

commissioner, the hearing shall be held in the locality where the accident occurred or in any other place that the Industrial Commission may designate, and the decision of the commissioner, together with a statement of the evidence and his finding of facts, rulings of law, and other matters pertinent to the questions brought before him, shall be filed with the Industrial Commission for its decision . . ."

In arguing this error the attorneys for the Administrator make the following statement: "The Commissioners who write the decisions act as if each of them were the Industrial Commission, and in that way, once the testimony has been taken, they present to their colleagues, not the statement provided by the Act with reference to their findings of fact and conclusions, but the final form of the order of the Industrial Commission, some of which are so extensive and elaborate that there are those who doubt if they are read by the other Commissioners when they sign them as evidence of their conformity."

In its order denying the motion for reconsideration, the Commission denies with considerable vigor the intimation that the other members of the Commission do not study, or even read, the decisions of which they are not the authors. We think it was highly improper for the attorneys of the Administrator to make this derogatory statement about the Commission without any evidence whatsoever to support it. In fact, we know of no court or quasi-judicial agency which performs its duties with more devotion and skill than the Industrial Commission.

We think § 10 authorizes, indeed requires, the Commissioner who hears the case to file with the Commission a proposed decision in final form, together with findings of fact and conclusions of law. We are unable to agree with the Administrator that the second error was committed.

The order of the Industrial Commission will be reversed.

Mr. Justice Todd, Jr., did not participate herein.