In the Matter of the Claim of EDWARD MAHONEY, Respondent, against MICHAELS STERN & CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board that injuries sustained by the claimant arose from the regular course of his employment and while working for his employer. There is no dispute

as to the facts. Claimant was a salesman for his employer, his territory consisting of Maine, New Hampshire, Vermont and Massachusetts. On August 4, 1957, according to his testimony, he left his home in Rochester, New York, accompanied by his wife, to go to Nashua, New Hampshire, to pick up a new automobile he had purchased, and "come home". When he arrived at the garage there was a message to call his employer, which he did, and was asked to go to Natick, Massachusetts to transact some business for his employer. Between the two locations — Nashua and Natick — was a distance of 35 miles. He stopped at Framingham, Massachusetts, and stayed overnight and the following morning drove four miles to Natick. Having completed his business before noon he started home and when he arrived at Troy, New York, instead of taking the direct route to Rochester via the Thruway, he went north to Glens Falls, Old Forge and back to Utica, New York, where he stayed overnight. The next morning — Sunday — following breakfast and church, he left Utica, re-entered the Thruway, continued on toward Rochester until he was involved in the automobile accident resulting in the injuries for which he has been awarded compensation. Claimant admits the purpose of his trip when he left Rochester was strictly personal. No question of business entered until the phone call at Nashua, New Hampshire, and that was completed before noon on Saturday. *Matter of Marks* v. *Gray* (251 N. Y. 90) is authority that such a trip is personal where at page 94 the court said: "If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk." This holding has been recently reaffirmed in *Matter of Davis* v. *Newsweek Magazine* (305 N. Y. 20, 24) and *Matter of Glickman* v. *Greater N. Y. Taxpayers* (305 N. Y. 431, 434). The trip of the claimant being personal in nature, he cannot recover. While not part of the finding of the board, the memorandum of decision seems irrelevantly to conclude that the extra 35 miles travelled by claimant prevented him from returning home Saturday night. Suffice it to say that a fair inference, from a reading of the record, is that by taking the direct route along the Thruway, he would have arrived at his home in Rochester on Saturday. Decision and award of the Workmen's Compensation Board reversed and the claim dismissed, without costs. Foster, P. J., Coon, Gibson and Herlihy, JJ., concur; Bergan, J., dissents, and votes to affirm in the following memorandum: Changes of profound importance have been evolved in the law of what is, or is not, an errand in the course of employment in the years since 1928 when Judge Cardozo wrote in *Matter of Marks* v. *Gray* (251 N. Y. 90). The treatment of the peculiar facts of that case was certainly not intended to embalm all journeys begun by an employee for personal reasons into a state of nonemployment which could under no possible circumstances be changed until the employee got back to his shop or office. It is clear from the opinion that the relatively small advantage to the employer of his helper plumber making a stop to fix some faucets while on his personal journey was one element which decided that case (pp. 91, 92). A careful reading of the opinion makes it clear that in other factual situations another rule would apply. For example, if the personal journey and the employer's business were "concurrent" causes of the journey it could be held compensable (p. 93); or if the accident occurred on a detour from the personal journey occasioned by the work (p. 93). Since this decision in 1928 there has been a very large body of law developed in respect of the activity of outside workers, such as traveling salesmen, and it has uniformly moved in the direction of attributing such activity to the work if reason-

ably associated with it. Here the claimant went to New Hampshire for his own personal purpose; but when he was there he was directed by his employer to perform a service connected with the business in a specified city. The freedom of personal activity with which he had started out thereupon ended. The board was free to find, that he was compelled to make this business visit. It was his duty to travel in the work of the employer. Having done this work he was justified in coming back to the employer's place of business. This was certainly expected by the employer. The actual injury occurred on a direct route between the place he was told to go and the employer's place of business. It may be argued that if he had not made a detour to the direct route this particular accident would not have happened because he would have been on the Thruway at a different time; but, of course, it is also arguable that if he did not have to make the business stop he would not have been at the site of accident at the time it happened. If an outside employee goes to a restaurant for lunch and his employer calls him on the phone and tells him to perform a duty of employment and he does this and is injured on the way back to the place of business, it would be consistent with the entire direction of compensation law in the last two decades, here and in other States, to allow him compensation; and the facts in this case amount to the same thing and are governed by precisely the same principle. The award should be affirmed.