■ In the Matter of the Claim of JOANN SKINNER, Appellant, v. TOBIN PACKING CO., INC., ALBANY PACKING DIVISION, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a nonunanimous

decision of the Workmen's Compensation Board which denied her claim for the death of her husband on the ground that his fatal injuries did not arise out of and in the course of his employment. Decedent was a salesman covering a sales territory out of Kingston, N. Y. The employer's main plant is in Albany, N. Y. Decedent was not only required to obtain orders for merchandise and transmit them to the Albany plant, but was required to make collections, and, in some cases of limited credit, to get collections to Albany before the next regular delivery date to the customer's area. On Sunday, March 18, 1956, decedent left Kingston with his wife and child to go to Albany. He was to leave his wife, who was expecting another baby and was under the care of an Albany physician, at the home of his parents. He had with him some orders and collections to be delivered to the employer's plant. Although he was not under orders from the employer to personally deliver orders and collections, he had frequently done so, with the knowledge of the employer, on week ends. The employer maintained a depository for collections to be used by salesmen when the plant was not open for business. After he had spent some time at the home of his parents and left his wife there, decedent went to the employer's plant late in the evening and left some collections in the depository and some orders on the desk of his superior. The watchman at the plant saw him and talked with him. The orders were found by his superior the next morning. On his way home and to his territory decedent's automobile left the Thruway, overturned on the mall, and decedent was killed. The Referee and a majority of the board panel have found that the "primary purpose" in going to Albany was personal. Despite some language used in the opinion, it is at least debatable whether *Matter of Marks* v. *Gray* (251 N. Y. 90), established a "dominant purpose" or "primary purpose" test. (*Matter of Carney* v. *Senak New York Corp.*, 17 A D 2d 170; see 1 Larson, Workmen's Compensation Law, p. 244.) It would now seem to be settled that if a business motive is a concurrent cause of the trip it comes within the course of employment. (*Matter of Mahoney* v. *Michaels Stern & Co.*, 9 N Y 2d 931, revg. 9 A D 2d 843.) There is some evidence here that decedent's blood contained 0.21% alcohol. But the board made no finding that decedent's death was due solely to intoxication, or that he was intoxicated. In fact, the memorandum decision makes no reference to drinking and contains nothing concerning intoxication. The memorandum decision does however state that "at the time of the fatal accident, the decedent had undertaken personal activities entirely disconnected with his employment." We find no evidence in the record to support this statement. It is also stated that, "No part of the trip involved was related to his employment." We find no evidence whatever to support that conclusion. All of the evidence, including that of the employer, is to the contrary and establishes conclusively that decedent was at the employer's plant and performed services for the employer there. Decision reversed and matter remitted to the Workmen's Compensation Board, with costs to the appellant. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.