223 P.2d 905

**FAULKNER v. INDUSTRIAL COMMIS-SION et al.**

No. 5354.

Supreme Court of Arizona.

Nov. 13, 1950.

———◆———

Shortridge & Caruthers, Donald B. Shortridge and James V. O'Malley, all of Phoenix, for petitioner.

H. S. McCluskey, Phoenix, Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

DE CONCINI, Justice.

Harry W. Faulkner, petitioner, was employed by David B. Hartline and Vaughn S. McGuire as a "starter and flagman" at their auto race track known as State Speedway in Maricopa County. The first day he worked, March 14, 1948, he was struck by a skidding racing car and severely injured. He filed a claim and was allowed compensation on a temporary disability status under the policy his employers had with the Arizona Industrial Commission, hereinafter designated as the Commission. His salary

was $10.00 per day. Had he worked each day the track operated from March 1947, the date his employers began operation, to the date of his injury in 1948, he would have earned $430.00 during the entire period. On September 13, 1949 his compensation benefits were suspended until the matter of petitioner's monthly earning capacity with his employers insured by the Commission prior to injury was established.

At the time of petitioner's injury he was regularly employed full-time by the United States Veterans Administration as a fireman at a salary of $304.77 per month while also working on a part-time basis at the State Speedway. The Veterans Administration is not an employer and its employees, including petitioner, are not employees within the statutory definitions of the Arizona Workmen's Compensation Law, sections 56-928 and 56-929, A.C.A.1939, as amended.

On January 20, 1950 the Commission made its final award and allowed petitioner compensation based on his possible average salary of $30.00 per month and upon which premiums were based. Upon a rehearing the Commission affirmed its award. The petitioner now brings this matter for review to this court on a writ of certiorari under section 56-972, A.C.A.1939.

The only issue to be decided in this case is whether the Commission erred in failing to include the monthly salary received by the petitioner as an employee of the Veterans Administration, together with his salary

from his employers under whom he was injured, as the basis for paying compensation benefits under its award.

The petitioner relies on the cases of Wells v. Industrial Comm., 63 Ariz. 264, 161 P.2d 113, Butler v. Industrial Comm., 50 Ariz. 516, 73 P.2d 703, and Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396, to sustain his position.

The Wells and Butler cases can readily be distinguished on their facts. In those two cases the employee was covered by two employers who were both covered by insurance under the Workmen's Compensation Act. In this case the Veterans Administration was not covered nor subject to coverage and of course paid no premiums to the Commission on the wages it paid to the petitioner.

■ The Ossic case is authority for the proposition that the law should be liberally construed to provide protection for the injured workman and his beneficiaries; but it is only reasonable that the rule of liberality contemplates that premiums be paid to the Commission for the benefit of its insurance fund based on the amount of wages of the injured employee upon which the Commission establishes its awards.

■ The Workmen's Compensation Act is based upon the principle of insurance. Robles v. Preciado, 52 Ariz. 113, 79 P.2d 504. In Brisendine v. Skousen Bros., 48 Ariz. 416 at page 423, 62 P.2d 326, 329, 112 A.L.R. 1089, we said, " * * * The

theory of the present compensation act, however, is to compensate the injured workman on the basis of what he *actually was earning,* and not upon what he *might have earned,* and the premiums on the various payrolls from which the compensation fund must be maintained is based upon that theory. An employer does not pay a premium upon the amount of wages which his employees *might* have earned, but upon that which they actually *did* earn, and to allow compensation upon a different basis would bankrupt the fund. * * * "

■ One of the primary duties of the Commission is to insure the solvency of the State Compensation Fund. Gene Autry Productions, Inc. v. Industrial Comm., 67 Ariz. 290, 195 P.2d 143.

■ In this case the Commission would be derelict in its duty if it paid compensation to petitioner on the basis of his loss of earning capacity by including his earning power with an employer who paid no premiums on its wages to petitioner and who was neither covered nor could be covered by a policy with the Commission. In Steward v. Industrial Comm., 69 Ariz. 159 at page 177, 211 P.2d 217, 222, we approve the rule laid down in State Road Commission v. Industrial Comm., 56 Utah 252, 190 P. 544, 548: " * * * When we consider the fact that no person can possibly have an earning capacity in the particular employment greater than the opportunities afforded by that employment, we obtain a clearer conception of what is meant by

'earning capacity,' as the term is used in this class of cases. * * *"

The Commission did not err, therefore, when it refused to include the monthly salary received by the petitioner as an employee of the Veterans Administration in computing the basis for paying compensation benefits under its award.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.