405 P.2d 887

Robert Eugene **WESOLOWSKI**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, and City of Phoenix, Respondents.

No. 7833.

Supreme Court of Arizona,

En Banc.

Sept. 30, 1965.

Gorey & Ely, Phoenix, for petitioner.

Edgar M. Delaney, The Industrial Commission, for respondent, Richard J. Daniels, Frank E. Murphy, James S. Tegart, Robert A. Slonaker, Phoenix, of counsel.

McFARLAND, Justice.

This is a writ of certiorari to review an award to petitioner by The Industrial Commission of Arizona, hereinafter designated the Commission.

Petitioner, Robert Eugene Wesolowski, hereinafter designated as claimant, sustained injury to his leg November 29, 1961, while employed in a full-time capacity by the City of Phoenix, as a "Water Meter Reader." The injury occurred while claimant was driving a motor scooter in traffic in the course of his employment. A car in front of him stopped, he applied his brakes, and the scooter tires slipped causing the scooter to run into the car in front. Claimant was also employed at the time of the injury on a part-time basis by the Fred Hurley Trucking Company of Phoenix. The Commission, by order of October 29, 1962, made its findings and award based upon an average monthly wage of $380.00 per month, this being the average monthly wage paid claimant by the respondent city, disregarding the $225.00 per month claimant

had received as a part-time truck driver during the year previous to the injury. The figure of $380.00 was used as claimant's monthly wage, as provided under A.R.S. § 23–1041, in determining the amount of compensation for both temporary total disability and permanent partial disability.

Claimant made timely application for rehearing and "waived his right to a formal hearing or rehearing and agreed that the matter should be submitted to the Commission since only a question of law was involved as to the determination of average monthly wage." The Commission, by order of December 11, 1962, affirmed its previous findings and award. Claimant then applied to this court for writ of certiorari.

Thus, the issue presented upon this petition is whether the Commission erred in failing to consider wages earned by claimant in his part-time employment in its determination of his average monthly wage.

■ Arizona follows the rule that wages from dual unrelated employments will not be combined where both employers are not subject to the compensation act. Sanchez v. Industrial Commission, 96 Ariz. 19, 391 P.2d 579 (1961); Faulkner v. Industrial Commission, 71 Ariz. 76, 223 P.2d 905 (1950). In the instant case both of claimant's employers were subject to the compensation act.

■ Subsequent to the submission of claimant's opening brief, we held, in San-chez v. Industrial Commission, supra, that where employments are dissimilar the earnings from dual employments will not be aggregated. The record in the instant case does not show that the Commission made a determination as to the similarity or dissimilarity of claimant's two employments as a basis for its decision. We have held that where the facts are not in dispute this court may draw its own legal conclusions from the record. Williams v. Williams Insulation Materials, Inc., 91 Ariz. 89, 370 P.2d 59. Cavness v. Industrial Commission, 74 Ariz. 27, 243 P.2d 459. In the instant case there is no dispute as to the facts. The question thus raised is one of law, to-wit: Were claimant's dual employments similar or dissimilar.

In Sanchez, supra, the question of similarity was resolved without difficulty. In that case the petitioner's two employments involved full-time work as a miner and part-time work as a trumpet player. In declaring the two jobs to be dissimilar, we stated:

"The Commission could not, as a basis for compensation, have combined the earnings prior to the injury of the dissimilar employments of minor and musician." 96 Ariz. at 23, 391 P.2d at 582

We are here presented with a more difficult problem. The Florida court, in determining whether wages from concurrent

employments could be combined, stated in J. J. Murphy & Son, Inc. v. Gibbs, 137 So.2d 553:

" * * * the prime factor is the sameness or similarity of the work performed by the employee rather than the thing done or produced by the employer, although the latter factor may also be considered." 137 So.2d at 558–559

And, in Anderson v. Roberts-Karp Hotel Co., 171 Minn. 402, 214 N.W. 265, the court stated:

"Other courts confronted with a similar problem have held that it means the aggregate of his usual earnings in the kind of work in which he was engaged at the time of the injury; that the term employment as there used means the particular trade, occupation, or business in which he was then engaged. * * *

\* \* \* \* \* \*
" * * * the *compensation* in cases like that here presented *should be based on the amount earned by the employee in the particular calling or kind of employment in which he was engaged when injured*. If, in such a case, the amount recoverable were to be measured by the wage received from the particular employer in whose services the injury was sustained, the employee would receive no compensation for the loss of earnings resulting from his in-

ability to perform in the future the services which he had previously performed for other employers." 214 N. W. at 266–267

The test as set forth in Sanchez, supra, is whether the services performed by claimant were similar. To make this determination, we must compare the type of work performed by claimant for the two employers. In his employment with the Fred Hurley Trucking Company claimant drove a truck. For the City of Phoenix he read water meters, using a motor scooter for transportation. We cannot say the act of reading water meters is similar to the driving of a truck. Claimant used a motor scooter for transportation. A truck and a motor scooter are dissimilar—both in size and the work for which they are used. The knowledge, skill, and energy required for the operation of a truck is much greater than that required for the operation of a motor scooter.

We are of the opinion that the work of reading water meters, which incidentally requires the operating of a motor scooter, is not similar to that of driving a truck. Hence, use of a motor scooter for transportation does not make the work of a meter reader similar to the work of a truck driver. We hold that the work in the two jobs of claimant was dissimilar, and that the Commission did not err in refusing to take into consideration claimant's part-time employment in determining his average

monthly wage as provided in A.R.S. § 23–1041.

Award affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concur.