528 P.2d 874

**J. C. WHEELER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**General GMC Truck Sales, Inc., Respondent Employer,**

**Mission Insurance Company, Respondent Carrier.**

**No. 1 CA–IC 982.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 26, 1974.

Rehearing Denied Jan. 13, 1975.

Review Denied Feb. 25, 1975.

William B. Revis, Ltd. by William B. Revis, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

William R. Jones, Jr., Phoenix, for respondents employer and carrier.

## OPINION

DONOFRIO, Presiding Judge.

This writ of certiorari is to challenge the award setting the average monthly wage of petitioner at $596.46 for failure to include petitioner's self-employment earnings in computation of his average monthly wage.

On May 28, 1971 petitioner, J. C. Wheeler, age 30, was injured while in the course and scope of his employment as a mechanic for the General GMC Truck Sales, Inc. The injury was the result of a truck hood collapsing on his head while he was engaged in working on the truck's engine. Although the parties have stipulated that at the time of the injury Mr. Wheeler was earning $596.46 per month from General GMC Truck Sales, Inc., petitioner insists that his work during the preceding months in which in his self-employed capacity he was performing similar mechanical work on vehicles at his service station should be included in determining his average monthly wage. Although under appropriate circumstances wages from concurrent similar employments may be considered in the computation of the average monthly wage, the present situation does not fit within that framework. See Wesolowski v. Industrial Commission, 99 Ariz. 4, 405 P.2d 887 (1965) and Sanchez v. Industrial Commission, 96 Ariz. 19, 391 P.2d 579 (1964) where it was held that wages from separate jobs could not be aggregated when received from dissimilar trades or employments.

Our dilemma in the present case, however, stems from the holding in Faulkner v. Industrial Commission, 71 Ariz. 76, 223 P.2d 905 (1950) which we believe is controlling. In Faulkner the applicant was injured at his part-time industrially insured employment as a flagman at the State Speedway. His full-time uninsured employment was that of a fireman for the United States Veterans Administration. In

ruling that the salary received from the Veterans Administration should not be included in the average monthly wage of the injured employee, our Supreme Court stated in part,

". . . The Veterans Administration is not an employer and its employees, including petitioner, are not employees within the statutory definitions of the Arizona Workmen's Compensation Law. . . ." 71 Ariz. 76 at 77, 223 P.2d 905 at 905.

The rationale of this holding is based on the following language:

". . . the Commission would be derelict in its duty if it paid compensation to petitioner on the basis of his loss of earning capacity by including his earning power with an employer who paid no premiums on its wages to petitioner and who was neither covered nor could be covered by a policy with the Commission. . . ." 71 Ariz. 76 at 78, 223 P.2d 905 at 906.

The court in Faulkner attached much importance to the principles of insurance for it was concerned with the notion that to allow the inclusion of wages upon which no premium had been paid might result in the bankruptcy of the State Compensation Fund. This line of reasoning has been questioned by Judge Haire in Floyd Hartshorn Plastering Co. v. Industrial Com'n, 16 Ariz.App. 498, 494 P.2d 398 (1972):

"8. The reliance in Faulkner upon this insurance principle ignores completely the provisions of A.R.S. § 23–1041, subsec. B, which provisions clearly contemplate compensation of an injured claimant upon the basis of an average monthly wage upon which no premiums have been paid." 16 Ariz.App. 498 at 507, 494 P.2d 398 at 407.

Although we are in agreement with the above statement, the Faulkner decision still has legal and practical viability. The independent self-employed businessman has alternatives available to him to protect himself against injury and loss of income which is uninsurable under the Arizona

Workmen's Compensation Act. He can purchase disability income policies; he can fund his own disability income and/or retirement, etc. These advantages given to the self-employed businessman who is not insurable under the Workmen's Compensation Act are part of the cost of doing business. It seems improper and unjust to shift the cost from the self-employed businessman to the employer purchasing workmen's compensation insurance. Although there is force in the argument that the liability of an employer under the Act should be determined by the amount earned in the work performed for him, and not by the amounts earned in work performed for others or through self-employment, there is also strength in the converse of this argument. That is, as the disability is incurred in the insured employer's service and as the statute, A.R.S. § 23–1041(B), intends that the workman shall receive compensation which "reasonably represents the monthly earning capacity of the injured employee in the employment in which he is working at the time of the accident", to hold the employer liable only for the wages he has paid results in an injustice to the employee and seems contrary to the intent and the spirit of the Workmen's Compensation Act.

As noted in Larson, The Law of Workmen's Compensation, Vol. 2, Sec. 60.32 page 25, where Faulkner, supra, was discussed, it is stated:

"  .  .  .  The court argued that benefits could not be paid on the strength of earnings in noncovered employment, because no premiums had been paid on such employment, and any other rule might endanger the solvency of the State Compensation Fund. It may be questioned whether this rather fanciful possibility should weigh heavier in the scales than the underlying purpose of the compensation law, which is to estimate accurately the claimant's earning capacity and provide compensation bearing a proper relation to it.  .  .  ."

Nevertheless, we have concluded that under the Faulkner decision it would be improper for us to reverse this matter to include earnings from self-employment similar to that engaged in for the insured employer in calculating average monthly wages. As said in McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968):

"Whether prior decisions of the highest court in a state are to be disaffirmed is a question for the court which makes the decisions.  .  .  ." 103 Ariz. 191 at 193, 438 P.2d 757 at 759.

Affirmed.

OGG and STEVENS, JJ., concur.