STUART B. CLAWSON, Appellant, *v.* PIERCE-ARROW MOTOR CAR COMPANY, Respondent.

**Negligence — automobiles — driver does not abandon business of owner merely by carrying a passenger without deviating from direct route to place where car was to be stored for night.**

A driver of an automobile belonging to defendant who was directed by a manager of one of its departments, whom he had driven home, to take the car to defendant's repair shop and at the same time take a seamstress in his employ to her home a little beyond the shop, is engaged in the defendant's business in taking the automobile to a place of storage for the night and does not abandon the business merely because at the same time that he was attending to it he served some other purpose, and, where an accident occurred before the shop was reached, at a point where the car must have passed, though the seamstress had not been there, and plaintiff is injured through the negligence of the driver, the defendant is liable.

*Clawson* v. *Pierce-Arrow Motor Car Co.*, 182 App. Div. 172, reversed.

(Argued May 3, 1921; decided May 31, 1921.)

APPEAL from a judgment, entered March 18, 1918, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Ralph S. Kent* and *Allan N. Lynch* for appellant. There was evidence which required the question of what errand the car was on to be submitted to the jury.

18

(*Ferris* v. *Sterling*, 214 N. Y. 249; *Morris* v. *Kohler*, 41 N. Y. 42; *Rose* v. *Balfe*, 223 N. Y. 481; *Ellwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Volkmar* v. *Manhattan Ry. Co.*, 134 N. Y. 418; *Schuster* v. *Erie R. R. Co.*, 145 App. Div. 71; 205 N. Y. 569; *Quick* v. *Am. Can Co.*, 205 N. Y. 330; *Rider* v. *Miller*, 86 N. Y. 507; *Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 558.) The trial court, in submitting the question of whether or not Guenther was acting in the defendant's employ at the time of the accident, followed the well-established rules of law in this state. (*Cowell* v. *Saperston*, 149 App. Div. 373; 208 N. Y. 610; *Reilly* v. *Connable*, 214 N. Y. 586; *O'Brien* v. *Stern Bros.*, 223 N. Y. 290; *Quinn* v. *Power*, 87 N. Y. 535; *Williams* v. *Koehler*, 41 App. Div. 426; *Jones* v. *Wiegand*, 134 App. Div. 644; *Gerraty* v. *National Ice Co.*, 16 App. Div. 174; 160 N. Y. 658; *Mott* v. *Consumers Ice Co.*, 73 N. Y. 543; *Rounds* v. *D., L. & W. Ry.*, 64 N. Y. 129; *Sterns* v. *Windsor Motor Car Co.*, 220 N. Y. 284; *Ferris* v. *Sterling*, 214 N. Y. 249.)

*Evan Hollister* and *Maurice C. Spratt* for respondent. The use of defendant's automobile at the time of the accident for a purpose outside the scope of its business and without its knowledge or authority, exempts the defendant from liability for the accident as a matter of law. (*Potts* v. *Pardee*, 220 N. Y. 431; *Maher* v. *Benedict*, 123 App. Div. 579; *Reilly* v. *Connable*, 214 N. Y. 586; *Fallon* v. *Swackhamer*, 226 N. Y. 444; *Perlmutter* v. *Byrne*, 193 App. Div. 769; *Ostrander* v. *Armour & Co.*, 176 App. Div. 152; *Power* v. *Arnold Engineering Co.*, 142 App. Div. 401; *Clark* v. *Buckmobile Co.*, 107 App. Div. 120; *De Smet* v. *Niles*, 175 App. Div. 822; *Riley* v. *Standard Oil Co.*, 191 App. Div. 490.)

CARDOZO, J.   The plaintiff was run down in the streets of Buffalo by the defendant's automobile in charge of the defendant's servant.   The question is whether the servant was engaged in the employer's business.

The defendant is a manufacturer of motor cars.   One Pratt, the manager of the sales department, was an invalid, and used one of the cars to travel between his office and his home.   He did this with the defendant's knowledge.   Sometimes the car, after leaving Pratt at home, was driven west to the defendant's factory.   Sometimes, it was driven south to the defendant's repair shop or garage.   This time it was going south.   A seamstress in Pratt's service lived near the repair shop, but a little farther away.   Pratt told the chauffeur to take the car to the shop and the seamstress to her home.   The accident occurred before the shop was reached, at a point where the car must have passed though the seamstress had not been there.   The plaintiff had a verdict which was reversed upon appeal.   (In the judgment of the Appellate Division, the car on its path to the garage was withdrawn from the defendant's service by the dual purpose of the errand.)

We reach a different conclusion.   The driver of the car was engaged in the defendant's business in taking it after the day's work to a place of storage for the night. He did not abandon the business merely because at the same time that he was attending to it he served some other purpose.   How the case would stand if the collision had occurred in the course of deviation from the route, we need not now inquire.   Deviation there never was. The unfulfilled intention of passing the repair shop and returning did not transform the trip in its entirety, and vitiate that part of the service which was legitimate and useful.   For this conclusion, we think, the authorities are ample (*Quinn* v. *Power*, 87 N. Y. 535; *Williams* v. *Koehler & Co.*, 41 App. Div. 426; *Riley* v. *Standard Oil Co.*, 231 N. Y. 301).

The defendant makes the point that the factory, and not the repair shop, was the only proper place of storage. The practice of the business permits another inference.

The judgment of the Appellate Division should be

reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

McLAUGHLIN, J. (dissenting).    I am unable to concur in the opinion of Judge CARDOZO that the judgment of the Appellate Division should be reversed and that of the trial court affirmed.    On the contrary, I am of the opinion that the judgment should be affirmed.    The sole question presented is whether Guenther, who was in the employ of the defendant as a demonstrator of its cars and who was driving one of its cars at the time of the accident, was at that time acting within the scope of his employment and in the discharge of the defendant's business.

The facts immediately surrounding the accident are as follows:    The defendant had in its employ as a general salesman one Pratt who lived about a mile and a half from its factory.    His health was somewhat impaired and by reason of that fact he at times with the knowledge, not by the direction or with the consent, of the defendant used one of its cars to take him to his residence and in the morning back to the defendant's factory.    Shortly prior to the accident Guenther was told by Pratt to drive him to his residence which Guenther did.    Pratt left the car and told Guenther to take Mrs. Pratt's seamstress to her place of abode which was upwards of five miles away.    Guenther started on the journey as directed and after proceeding a short distance the accident occurred.    On the route over which Guenther had to drive to reach the abode of the seamstress, and a mile or more nearer Pratt's residence, defendant had a repair shop.    In this shop demonstrators of cars, who lived in that vicinity and who had taken Pratt to his residence and had been directed to call for him the following morning, at times stored cars during the night.    Such storage was done without the direction or knowledge of the defendant.    Guenther testified that he intended, after he had taken

the seamstress to her abode, to return to this shop and leave the car there during the night, and on the following morning to drive it to Pratt's residence and take him to the defendant's factory. Pratt was not an officer of the defendant. The uncontradicted evidence is that he had no authority to direct that the car be used for the purpose of taking the seamstress to her place of abode and Guenther had no authority to store the car in such shop that night. I am unable to see under such circumstances how there were any facts justifying a finding that at the time of the accident Guenther was acting in the scope of his employment or doing anything in the interest of the defendant. He was not authorized to make the journey, nor was he authorized to store the car in such shop. The question is properly raised by an exception to the charge and a refusal to charge. The following authorities it seems to me sustain the view that the defendant is not liable: *Reilly* v. *Connable* (214 N. Y. 586); *Schoenherr* v. *Hartfield* (172 App. Div. 294); *Hartnett* v. *Gryzmish* (218 Mass. 258); *Danforth* v. *Fisher* (75 N. H. 111); *Colwell* v. *Etna Bottle & Stopper Co.* (33 R. I. 531); *Steffen* v. *McNaughton* (142 Wis. 49); *Patterson* v. *Kates* (152 Fed. Rep. 481); *Lotz* v. *Hanlon* (217 Penn. St. 339); *Doran* v. *Thomsen* (76 N. J. L. 754); *Maddox* v. *Brown* (71 Me. 432); *Fiske* v. *Enders* (73 Conn. 338); *Slater* v. *Advance Thresher Co.* (97 Minn. 305); *Rayner* v. *Mitchell* (L. R. 2 C. P. Div. 357).

The fact that the defendant had the repair shop on the route is of no importance since it played no part in the object of the journey and besides the driver of the car so far as appears had no authority from the defendant to store it in such a place.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., POUND, CRANE and ANDREWS, JJ., concur with CARDOZO, J.; CHASE, J., concurs with McLAUGHLIN, J.,

Judgment reversed, etc.