In the Matter of the Claim of Dependents of ISADORE MARKS, Deceased, against WALTER GRAY et al., Appellants.

THE STATE INDUSTRIAL BOARD, Respondent.

(Submitted April 15, 1929; decided May 28, 1929.)

*Leo Waxman* for appellants. The accident did not arise out of and in the course of any employment. (*Ames v. N. Y. C. R. R. Co.*, 178 App. Div. 324; *Devoe* v. *New York State Railways*, 218 N. Y. 318; *Kowalek* v. *N. Y. Constr. Co.*, 229 N. Y. 489; *Coman* v. *Model Dairy Co.*, 210 App. Div. 583; *New York Ind. Co.* v. *Industrial Acc. Commission*, 261 Pac. Rep. 1106; *London Guarantee & Acc. Co.* v. *Industrial Acc. Comm.*, 213 Pac. Rep. 977; *Crawford* v. *State Industrial Comm.*, 239 Pac. Rep. 575; *Foster* v. *Mallory Steamship Co.*, 217 App. Div. 870; 244 N. Y. 612; *Johnson* v. *Faribault Bldg. Corp.*, 192 App. Div. 929; 229 N. Y. 626.)

*Hamilton Ward, Attorney-General* (*E. C. Aiken* of counsel), for respondent. The accident arose out of and in the course of the employment. (*Watson* v. *Daum, Rogers, Spritzer Co.*, 35 State Dept. Rep. 766; 219 App. Div. 753; 246 N. Y. 548; *Faulkner* v. *Stratton-Amsterdam Corp.*, 217 App. Div. 806; 245 N. Y. 542; *Grieb* v. *Hammerle*, 222 N. Y. 382.)

CARDOZO, Ch. J. Award has been made under the Workmen's Compensation Law (Cons. Laws, ch. 67) to the dependents of Isadore Marks for benefits found to be due by reason of his death. Whether the injury was one " arising out of and in the course of the employment " (Workmen's Compensation Law, § 2, subd. 7; § 10) is the question to be answered.

Marks was a helper in the service of a plumber. His home and his place of business were at Clifton Springs, New York. On April 16, 1927, his wife went to visit relatives at Shortsville, where her husband promised to call for her in the family car at the end of the day's work. The employer hearing that he was to make this journey,

asked him to take his tools and fix some faucets that were out of order at a dwelling house in Shortsville. The job was a trifling one, calling for fifteen or twenty minutes of work. There would have been no profit in doing it at the cost of a special trip. It would have been postponed till some other time when it could have been combined with other work, if Marks had not stated that he would make the trip anyhow. He did not use the employer's truck, the vehicle set apart for travel in the course of business. He used his own or his father's car, set aside, it would seem, for the convenience of the family. Nothing was said by the employer about paying him for the job. The expectation was, however, that for any work that he did, he would be paid at the usual rate for labor after working hours. On the way to Shortsville, when only about a mile from Clifton Springs, he was injured in a wreck and died.

We think the accident did not arise " out of and in the course of " any service that Marks had been employed to render. He was not making the journey to Shortsville at the request of his employer or for the purpose of doing his employer's work. He was making it in fulfillment of a promise to call for his wife at the end of the day, and bring her home in the family car. If word had come to him before starting that the defective faucets were in order, he would have made the journey just the same. If word had come, on the other hand, that his wife had already returned, he would not have made the trip at all. The employment did not bring him on the journey or expose him to its risks. If that is so, it is not " out of the employment " that the injuries arose.

Many cases there are in which the perils of travel on a highway are so related to the employment as to lay the basis for an award. " Street risks " are so varied as to defy enumeration or prediction. The result at times has been that accidents the most bizarre have been held to be incidental to service in the line of duty ( *Katz* v.

*Kadans & Co.*, 232 N. Y. 420; *Roberts* v. *Newcomb & Co.*, 234 N. Y. 553). We have no thought to detract from these decisions or to whittle down by exceptions the principle beneath them. They do not touch the case at hand. Unquestionably injury through collision is a risk of travel on a highway. What concerns us here is whether the risks of travel are also risks of the employment. In that view the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils. A servant in New York informs his master that he is going to spend a holiday in Philadelphia, or perhaps at a distant place, at San Francisco or at Paris. The master asks him while he is there to visit a delinquent debtor and demand payment of a debt. The trip to Philadelphia, the journey to San Francisco or to Paris, is not a part of the employment. A different question would arise if performance of the service were to occasion a detour, and in the course of such detour the injuries were suffered. So here, a different question would arise if Marks after making the trip to Shortsville had met with some accident while repairing the defective faucets (*Grieb* v. *Hammerle*, 222 N. Y. 382). The collision occurred while he was still upon the highway, a mile or less from home.

In such circumstances we think the perils of the highway were unrelated to the service. We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled. We cannot draw that inference from the record now before us. On the contrary, the evidence is that a special trip would have been refused since the pay would be inadequate. The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he

is serving at the same time some purpose of his own (*Clawson* v. *Pierce-Arrow Co.*, 231 N. Y. 273). If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk.

Applying this test, we hold that Marks was not placed upon the highway by force of any duty owing to his employer, and that the risk of travel was his own.

The order of the Appellate Division should be reversed, and the award annulled, with costs against the State Industrial Board in this court and in the Appellate Division.

CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; POUND and HUBBS, JJ., dissent.

Order reversed, etc.