GUILLERMO ATILES MORÉU, MANAGER OF THE STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondents; PEDRO J. ARROYO, Claimant.

No. 316. Argued May 1, 1944.—Decided June 16, 1944.

M. *Rodríguez Ramos,* Acting Attorney General, G. *Benítez Gautier,* Deputy Attorney General, and Joaquina *Pérez Cordero,* Angel de Jesús Matos, Joaquín *Correa Suárez,* and A. *Sandín del Manzano,* Legal Advisers of the State Fund, for petitioner. *Virgilio Brunet* for claimant.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a petition of the Manager of the State Fund to review an order of the Industrial Commission granting com-

pensation to the employee involved herein, a schoolteacher. The facts are not in dispute. The only question in the case is whether the employee was injured in the course of his employment.

Pedro J. Arroyo was a schoolteacher with two contracts with the Department of Education. Pursuant to one contract, he taught school inthe town of Peñuelas. His duties kept him in that town, where he was required to reside, until approximately five p. m. His other contract was to teach at night from 7 to 9 p. m. in a rural school about four kilometers from his residence. To reach this rural school, Arroyo had to travel a public road over which no form of public transportation—not even "public cars"—was available. He therefore made the trip back and forth on his own bicycle.[1] About 9:15 p. m. one night after he had finished teaching, Arroyo, while returning home on his bicycle, fell when the bicycle skidded and fractured his left arm.

■■ We have held, in accordance with the general rule elsewhere, that going to and from work is, under ordinary circumstances, not activity within the scope of employment, and that injuries incurred while thus engaged are therefore not compensable (*Guillot* v. *Industrial Commission*, 60 P.R.R. 658. To the same effect, *Patton Park* v. *Anderson*, 51 N. E. (2d) 877, 881; *Voehl* v. *Indemnity Ins. Co.*, 288 U. S. 162, 169; Campbell, Workmen's Compensation, Vol. I, §163, pp. 146–9). But those cases do not apply here. Another principle, which we stated in discussing a somewhat different situation in *Bacó* v. *Industrial Commission*, 52 P.R.R. 836, comes into play on the facts herein. That is to say, "If the work of the employee creates the necessity for travel, he is in the course of employment. . ."[2] when travelling.

---

[1] The principle enunciated in *Cordero, Mgr.*, v. *Industrial Commission*, 60 P.R.R. 851, is not involved herein, as the employer neither furnishes nor pays for the transportation of its employees to and from their work.

[2] *Bacó* v. *Industrial Commission*, *supra*, at p. 842, quoting from Judge Cardozo in *Marks' Dependents* v. *Gray*, 167 N.E. 181, 182 (N.Y., 1929).

776

We make it clear that we do not hold that if an employee had two different jobs with different employers in two towns, his injuries when going back and forth would be compensable. But where, as here, the same employer knowingly provides that he shall work at one place—where he must reside—during the day and at another place during the night, his situation is comparable, at least when travelling to and from his night job, to a travelling mechanic or inspector who is required by his work to travel to different places to perform his duties.

We recognize the dangers of departing from the "coming and going" rule. We do not regard this case as opening the door to deviation from that rule. We hold only that the schoolteacher under these particular circumstances had, at least for his night job, an occupation which required him to travel as part of his occupation, and not simply to come to work and to go home.

The order to the Industrial Commission will be affirmed.