**243 P.2d 459**

## CAVNESS v. INDUSTRIAL COMMIS-
SION et al.

### No. 5618.

Supreme Court of Arizona.

April 21, 1952.

Jack C. Cavness, of Phoenix, for petitioner.

Robert E. Yount, of Phoenix, for respondent Industrial Commission.

UDALL, Chief Justice.

This is a review by certiorari of an award of the Industrial Commission of Arizona denying petitioner and her children death benefits for the demise of Lloyd Grant Cavness. The sole question presented is whether the accident which resulted in the death of the decedent arose out of and in the course of his employment.

The pertinent and undisputed facts in this appeal are: At the time of his death on May 8, 1951, Cavness was employed by the State of Arizona as secretary of the Livestock Sanitary Board. His office hours as required by section 12–410, A.C.A. 1939, as amended, were from 9:00 a. m. to 5:00 p. m. on week days and 9:00 a. m. to 1:00 p. m. on Saturdays. He supervised the clerical force at the Board's office, handled the complaints as they were filed, and assigned various inspectors to investigate matters requiring attention. His duties frequently required trips to other counties in the state as well as to various parts of Maricopa County. He received numerous telephone calls at his home after office hours and was required to expedite the business of the Sanitary Board regardless of the hour. In short, according to the testimony of all members of the Sanitary Board, he was subject to twenty-four hour call and expected to handle all matters pertaining to the Board's functions.

Claude Evans, Chief Livestock Inspector, was preparing to make a trip to Safford concerning a complaint made by the Safford Packing Company, and about 7:30 p. m. on May 7, 1951, he telephoned Cavness at his home requesting certain documents in the secretary's file relative to the complaint. Evans was planning to make a round trip to Safford the next day and requested that Cavness meet him early the next morning, around 8 a. m. at the office at which time he could be given the necessary documents. Cavness left his home the next morning a few minutes before 8 o'clock, to keep his appointment with Inspector Evans, and proceeded along the shortest available route from his home to the office. At the intersection of Lateral 17 and Maricopa Road, his car was struck by another automobile (the driver of which was subsequently convicted of negligent homicide for failing to heed a boulevard stop sign) and the collision resulted in his death.

This presents a question of first impression in this jurisdiction. The petitioner contends that under these facts and circumstances the deceased was within the course of his employment at the time of the accident because he was performing a special mission for his employer. The commission concedes that if the decedent had made this trip the night before after the telephone conversation with Inspector Evans or if the trip had been made at a very early hour that morning it would have constituted a special mission and been within the course of his employment; however they take the view that the deceased was not covered while going to and from work merely be-

cause he left home *an hour* earlier than usual and contend that this trip was not any different from the daily trips which he took to and from his office. In other words the commission from these undisputed facts draws the conclusion of law that the deceased was not on a special mission for his employer at the time the fatal accident occurred.

It is the general rule that ordinarily the compensation law does not cover an employee while going to and returning from his place of employment. Strauss v. Industrial Commission, Ariz., 240 P.2d 550; Butler v. Industrial Comm., 50 Ariz. 516, 73 P.2d 703; 71 C. J. 712; 58 Am.Jur., Workmen's Compensation, § 217. This rule is subject however to certain well-recognized exceptions which depend upon the nature, circumstances and conditions of the particular employment and cause of the injury. One of these exceptions is where the injuries were sustained by the employee while performing a special task or mission for his employer, which mission must be the major factor in the journey or movement and not merely incidental thereto. Morgan v. Industrial Commission of Utah, 92 Utah 129, 66 P.2d 144. The clearest statement of the rule that we have been able to find is in Vol. 8, Schneider's Workmen's Compensation (Third or Permanent Edition), § 1712 (c), which reads:

"An exception to the aforesaid general rule is found in cases where it is shown that the employee, although not at his regular place of employment, even before or after customary working hours, is doing, is on his way home after performing, or on the way from his home to perform, some special service or errand or the discharge of some duty incidental to the nature of his employment in the interest of, or under the direction of, his employer.

In such cases, an injury arising en route from the home to the place where the work is performed, or from the place of performance of the work to the home, is considered as arising out of and in the course of the employment.

\*　\*　\*　\*　\*　\*

"The special erand (errand) rule means nothing more than that when the employee is on a special mission for the employer he is in the course of his employment and is covered by the compensation act as to injuries arising out of it. It is a rule to assist the Industrial Commission in determining when the employment commences and ceases. \*　\*　\*"

For cases upholding the right to compensation as to special missions, see Morgan v. Industrial Commission of Utah, supra; R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980; Fenton v. Industrial Accident Commission, 44 Cal.App.2d 379, 112 P.2d 763; Bobertz v. Board of Education of Hilltop Tp., etc., 134 N.J.L. 444, 48 A.2d 847; Dauphine v. Industrial Accident Commission, 57 Cal.App.2d 949, 135 P.2d 644.

Applying these legal principles to the undisputed facts in the instant case it appears to us that the commission reached an erroneous conclusion of law in finding that deceased was not killed as the result of an accident arising out of and in the course of his employment, thereby denying death benefits to the widow and children. Undoubtedly the decedent, as secretary of the Board, was en route to his usual place of employment but the trip was made in order to discharge a duty which the Board required and expected him to perform outside of and in addition to the office hours required of him under the provisions of section 12–410, supra, and one which would have been a benefit to the Sanitary Board. We hold that the deceased was on a special mission for his employer when the fatal accident occurred.

We are keenly aware of the fact that no general rule can be laid down, for each case must be decided with reference to its own attendant circumstances and the question of compensability is necessarily governed by the facts and circumstances of the particular case. Protection to workmen and their dependents is limited to injuries by accident arising out of and in the course of employment and we recognize that in no event must the workmen's compensation law be converted into a general health and accident coverage.

It is established law in this jurisdiction that where, as here, the facts are not in dispute this court is not bound by the conclusions of law of the trial court but may independently draw its own legal conclusions. Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941, and the authorities therein cited.

Award set aside.

STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.