309 P.2d 242

Joseph E. HANCOCK, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and A. R. Kleindienst, J. Ney Miles and F. A. Nathan, as members of the Industrial Commission of Arizona, and Royden Construction Company, Respondents.

No. 6289.

Supreme Court of Arizona.

April 2, 1957.

Johnson & Shelley, Mesa, for petitioner.

John R. Franks, Phoenix, Donald J. Morgan and Robert K. Park, Phoenix, of counsel, for respondent Industrial Commission.

WINDES, Justice.

Certiorari to test the validity of an award of the Arizona Industrial Commission. There is no material dispute in the evidence. The petitioner, Joseph E. Hancock, was employed as a carpenter foreman by the Royden Construction Company which was engaged in road construction work, including construction of a bridge near Polacca, Arizona, approximately 75 miles northwest of Holbrook, Arizona. Petitioner lived at Concho, approximately 42 miles southeast of Holbrook. Sometime prior to Thanksgiving Day, November 24, 1955, petitioner's superior, the job superintendent, told him to pick up some rope the next time he was in St. Johns which is 15 miles east of Concho. Petitioner went home for Thanksgiving and went to St. Johns. It being a holiday he was unable to secure the rope and he returned to the job site at Polacca. On Saturday, two days later, petitioner with two other workmen left Polacca about 4:30 p. m. with the intention of spending the weekend at his home in Concho and, as he stated, for the purpose of going to St. Johns to get the rope and returning Sunday afternoon. One of the workmen accompanying petitioner lived in Concho and the other in St. Johns. Petitioner testified that the rope was a necessary item for use on the job the following Monday and that his only reason for making the trip was to secure this item of merchandise the cost of which was $2.50. The petitioner was traveling in a pickup which the company furnished him for use in connection with his employment. Between Polacca and Holbrook there was an accident wherein the pickup was upset resulting in some injury to petitioner. After rehearing the commission made a finding that the accident "did not

occur in or arise out of the course of" petitioner's employment and denied accident benefits and compensation.

▮ Petitioner in challenging the validity of the award relies upon the proposition that he was on a special mission for his employer and the injury is compensable under the principles announced by us in Cavness v. Industrial Commission, 74 Ariz. 27, 243 P.2d 459. The commission might well have found petitioner to be upon a dual purpose mission to spend the weekend with his family at Concho and secure the rope at St. Johns. Under such circumstances a test has been established to guide the commission in determining the fact of whether when injured on such a journey, the employee is in the course of his employment. Marks' Dependents v. Gray, 251 N.Y. 90, 167 N.E. 181. The principles announced in that case have been approved by us. Butler v. Industrial Commission, 50 Ariz. 516, 73 P.2d 703. In the Marks case, Judge Cardozo said [251 N.Y. 90, 167 N.E. 182]:

"* * * the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils. * * * To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled."

So far as applicable to the facts of this case, the test merely amounts to this: If the journey would have been made had the private mission been canceled, the employee is in the course of his employment but if the trip would not have been made had the private mission been canceled, the employee is not in the course of his employment. If it be essential to establish liability for compensation that the commission must be able to infer the trip would have been made even though the private errand had been canceled, it is equally true that if the circumstances and evidence be such that it is permissible for the commission to infer the trip would not have been made had the private errand been canceled, we cannot disturb the award which places the petitioner outside the bounds of his employment while making the journey.

▮ It occurs to us that the commission was justified in concluding that an employee would not have been sent on a special mission in a truck on a round trip of between 250 and 300 miles to purchase a $2.50 item of rope. This is especially true when there were other available places of purchase at much shorter distances such as Holbrook or Winslow. In addition the very instructions given the employee indicate a special trip of this nature was not expected. He was told in effect that when he happened to be in St. Johns to pick it up. True, the petitioner said his only purpose

in making the trip was to secure the item of merchandise but the circumstances are such as fully justify the commission in not giving credence to this statement.

A similar question was presented to the Oklahoma supreme court. Cochran v. Maassen Tool & Supply Co., 204 Okl. 60, 226 P.2d 953, 956. Therein the applicant for compensation testified that his purpose in making a journey was to perform a service for his employer. The court sustained an award denying compensation and said:

"* * * although business in the interest of his employer was discussed, a reasonable inference might be drawn that the trip would not have been made except for personal objectives of the petitioner, or at the least, that the trip for the purpose of attending the master's business would not have been undertaken without the existence of personal objectives of the petitioner."

When the evidence was completed upon the rehearing, the referee announced that the matter was "submitted to the jurisdiction of the Industrial Commission for its decision in the premises, reserving rights to hold such further hearing or making any further investigation as to the Commission may seem necessary." Thereafter, the commission secured from the job superintendent an affidavit concerning the subject matter and bearing on the question to be decided by the commission. This affidavit was placed in the record as a part of the evidence in the case. No notice was given the petitioner concerning this subsequent evidence and naturally no opportunity was given to examine or cross-examine the witness. When the commission rendered the final decision, findings and award on rehearing, it embodied therein an order granting petitioner the right within 20 days to file application for rehearing. Petitioner says that the commission had no right to give evidentiary effect to this affidavit and when eliminated, the evidence does not support the award. We agree that the commission should not use the affidavit as evidence and have disposed of the matter without considering the same. In justification of this procedure the commission says that since in its decision on rehearing, it allowed petitioner the opportunity to seek a second rehearing, his rights were adequately protected. We do not think it is contemplated that the commission can by this method require petitioner to file multiple motions for rehearing for protection as to matter of which he had no knowledge. We do not mean to say that the commission may not continue a rehearing with adequate notice to interested parties of the time and place thereof in the event it feels additional evidence is advisable.

Award affirmed.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concurring.