Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen’s Compensation Board to the widow and three children of a deceased employee. Prior to his death decedent was in the employ of and the president of a corporation known as the Duchess Hosiery Corp. There was some proof that his duties embraced active selling on behalf of the corporation. The latter had an account with a retail store in Ellenville, New York which bought hosiery through mail advertising, and this particular territory was not covered by any salesman employed by the corporation. During August, 1955 decedent’s family was staying at a summer hotel at Greenfield Park, New York, not far distant from the village of Ellenville. On Thursday, August 18, 1955 decedent left New York in an automobile in company with some other men, and the board could find from the proof in the record that he intended to visit the retail account of his corporation in Ellenville for business purposes. There was also proof that when decedent visited his family on weekends he usually left New York on Friday, but on the occasion in question he left on Thursday so as to visit the account in Ellenville. When the party arrived at Ellenville they found the village practically flooded and the stores closed. They attempted to continue the journey but had to abandon the ear in which they were riding and eventually decedent was swept away by a flash flood and drowned. The issue of course is whether the accident which caused decedent’s death arose out of and in the course of his employment. Two cases are relied upon by appellants to bar the claim: Matter of Marks v. Gray (251 N. Y. 90) and Matter of Glickman v. Greater New York Taxpayers (305 N. Y. 431). The issue may be close but we think the facts of the present ease are distinguishable from those found in the cases cited, particularly in one respect. The inference may be clearly drawn that decedent would not have made the trip on Thursday except for the purpose of calling upon the Ellen-ville account. It is true that the board made no finding in this regard but we think the inference is implicit from other findings made. Award affirmed with costs to the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.