438 P.2d 757

**Betty Hult McKAY, Petitioner,**
**v.**
**The INDUSTRIAL COMMISSION of Arizona**
**and Betty Hult Shops, Inc., Respondents.**
**No. 9168–PR.**

Supreme Court of Arizona.

In Banc.

March 14, 1968.

Robertson, Childers, Everett, Donahue & Drachman, by David C. Bury, Tucson, for petitioner.

Spencer K. Johnston, Tucson, for respondent Industrial Commission of Arizona; Robert K. Park, Chief Counsel, Robert D. Steckner, Glen D. Webster, Dee-Dee Samet, Joyce Volts, Arthur B. Parsons, Jr., Noel J. R. Levy, Donald L. Cross, William E. Smith, Michael A. Lasher, Jr., Phoenix, of counsel.

McFARLAND, Chief Justice:

This case is before us on a petition for review of a decision of the Court of Appeals setting aside an award of The Industrial Commission. Opinion of the Court of Appeals vacated, and award of the Commission reinstated.

Betty Hult McKay was injured on October 31, 1964, in an automobile accident in her private car on her way home from work at a regular time of travel and on the route she normally traveled. Her employer

was a small closed corporation of which she was president and principal stockholder. Employer's First Report, dated June 25, 1965, states:

> "* * * injury occurred while making a delivery of merchandise purchased (required alterations) promised after closing shop. While driving north on Swan Road approx. 1-¼ mile north of River Road * * * met approaching auto coming over on wrong side of road."

She had delivered a dress, but had returned to the road over the usual route traveled, and was proceeding toward her home at the time of the accident. She stated that her delivery to the house where the dress was to go had been completed. The first mention to The Industrial Commission of the surplus cash register allegedly to be delivered to her home for inspection by a prospective purchaser, upon which her claim for compensation was thereafter based, was on September 17, 1965—almost a year after the accident. The prospective purchaser of the register proved to be her husband. He made the statement that he was to meet petitioner at her home on the evening of October 31 to examine the cash register to determine whether he would buy it. He also stated that he did not buy it, and had not bought another some two years after the accident.

The Commission decided that the accident did not arise out of and in the course of her employment because her trip home from work was a personal trip. Her contention was that the dual-purpose trip should be treated as a business trip, because if she had not taken the register with her, it would have been necessary for her to go back and get it the next day, before the buyer arrived.

This Court decided the legal issue involved, in Butler v. Industrial Commission, 50 Ariz. 516, 522, 73 P.2d 703, 705, in which we said:

> "* * * The true test is well set forth in the case of Marks' Dependents v. Gray et al., 251 N.Y. 90, 167 N.E 181, 183, in

the following language: '* * * If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon the failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.' "

We affirmed the rule set forth in Butler v. Industrial Commission, supra, in the case of Hancock v. Industrial Commission, 82 Ariz. 107, 309 P.2d 242.

Since it is undisputed that the employee would have driven home that night even though the prospect had cancelled his request to view the cash register at her home, the rule we have adopted makes the injuries non-compensable.

We have not made it a practice to refer directly to language of the Court of Appeals with which we are not in agreement, particularly in denying motions for review where a proper result has been reached; however, in this instance the *Court of Appeals compels us to do so by the use of the following statement in its opinion:*

> "* * * As our society changes the various state and federal courts reflect these changes in new interpretations * * * it is our opinion that we may, when justice dictates, review the former opinions of the Arizona Supreme Court, in light of today's problems and with regard to trends in the workmen's compensation field * * *"

Its opinion then went on to quote a different rule found in Larson's "Law of Workmen's Compensation," following which the Court of Appeals said: "In our opinion Larson states the better rule." The court then set aside the Commission's

decision which followed the rule in the Hancock and Butler cases, supra.

 Whether prior decisions of the highest court in a state are to be disaffirmed is a question for the court which makes the decisions. Any other rule would lead to chaos in our judicial system. Justice Court v. Keswick, 102 Ariz. 536, 433 P.2d 984.

Decision of the Court of Appeals vacated; award of The Industrial Commission reinstated.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.