In the Matter of the Claim of LEON THOMPSON, Respondent, v. TOMIVILL CLEANERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board on the ground that the accident sustained by the claimant did not arise out of and in the course of employment. Claimant sustained the injuries here involved as the result of an automobile accident at 6:15 P.M. on April 3, 1964, while he was operating his personal motor vehicle. There is evidence in the record that the claimant was president of the employer and an active employee of the corporation; that at the time of the accident he was driving the treasurer of the corporation home with the day's receipts; that claimant used his personal automobile for transporting supplies for the employer; that there was an arrangement that claimant would provide transportation in his personal automobile for other corporate officers when necessary and that he was to receive expenses from the employer for the use of his car, although he had not as yet received any moneys designated for that purpose but then neither had he received any salary since the beginning of operations in February, 1964 either. The record thus supports the board's factual determination that the operation of the automobile " was directly related to the employment " and its decision may not therefore be disturbed (e.g., *Matter of Sienkiewicz* v. *Buffalo Lite Vent Corp.*, 25 A D 2d 795, mot. for lv.

to app. den. 18 N Y 2d 577). The issue of credibility of witnesses was, of course, for the board (*Matter of Blaine* v. *Big Four Ind.*, 17 A D 2d 881; *Matter of Hornburg* v. *Allegany County Dept. of Public Welfare*, 29 A D 2d 1031) and despite how incredible this entire testimony might be to another trier of the facts, this board chose to accept claimant's testimony. It is interesting to note that both of claimant's witnesses, Wilson and Williams, his coemployees, have filed civil suits for negligence against claimant despite subdivision 6 of section 29 of the Workmen's Compensation Law (see *Wright* v. *Day*, 29 A D 2d 823). Appellants' reliance on *Matter of Marks* v. *Gray* (251 N. Y. 90) is unfounded here where the board could find on the record that there was at least a concurrent business motive in the trip (1 Larson, Workmen's Compensation Law, § 18.20, *et seq.*; *Matter of Mahoney* v. *Stern & Co.*, 9 N Y 2d 931; *Matter of Carney* v. *Senak N. Y. Corp.*, 17 A D 2d 170). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.