554 P.2d 914

**Robert KRIESE, Deceased, Janet R. Kriese, widow, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**AMT Contracting Co., Respondent Employer,**

**United States Fidelity & Guaranty Company, Respondent Carrier.**

**No. I CA–IC 1397.**

Court of Appeals of Arizona, Division 1, Department C.

July 29, 1976.

Rehearing Denied Sept. 9, 1976.

Review Denied Sept. 28, 1976.

———◆———

Cunningham, Goodson & Tiffany, Ltd. by James P. Cunningham and Timothy H. Barnes, Phoenix, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Moore & Romley by Craig R. Kepner and Roger T. Hargrove, Phoenix, for respondent employer and respondent carrier.

## OPINION

HAIRE, Chief Judge.

The question presented on this appeal is whether the Commission's hearing officer committed error in finding that the petitioning widow was not entitled to workmen's compensation benefits because her deceased husband's death did not result from an accident which arose out of and in the course of his employment.

Petitioner filed a claim seeking benefits for the death of her husband, who was killed in an automobile accident on the night of June 7, 1974, in Phoenix, Arizona. When her claim was denied by the respondent insurance carrier, she filed a timely request for hearing. Pursuant to her request, a hearing was held on January 6, 1975.

The evidence showed that the deceased had started to work for the respondent employer, AMT Contracting Co., on Monday, June 3, 1974, some five days prior to his death. He was employed to work as a "dirt foreman" on a project which was commencing at Window Rock, Arizona, a remote area some 300 miles from the deceased's home in Phoenix, Arizona. During the week of June 3rd there were only three employees of AMT on the job at Window Rock. In addition to the deceased, there was the project supervisor, James R. McKnight, and an equipment operator, Ernie Blevins. The week of June 3rd was devoted to preparation for the commencement of construction, scheduled for June 10th, the following Monday.

During the course of the week of June 3rd, as the result of discussions between the deceased and the project supervisor, it was decided that a gasoline-driven fuel pump and related parts and equipment necessary for the supplying of fuel from a ground level tank would be obtained from sources in Phoenix, Arizona. The controversy in this case evolves from the arrangements made with deceased to pick up these parts during the time he planned to be in Phoenix over the following weekend. The resolution of this controversy requires a consideration of what has come to be known in workmen's compensation law as the "dual-purpose doctrine", a doctrine which has been adopted to aid in determining the question of compensability when an injury occurs during a trip which serves both a business and a personal purpose.

In speaking of the widely assorted problems which can arise when a dual-purpose trip is involved, Professor Larson in his

well-known treatise on workmen's compensation law has stated that these problems can best be solved by the application of a formula stated by Judge Cardozo in *Marks' Dependents v. Gray,* 251 N.Y. 90, 167 N.E. 181 (1929), a formula which, in Larson's opinion, has never yet been improved upon. 1 Larson's Workmen's Compensation Law, § 18.12, p. 4–151 (1972). This test has been adopted in Arizona in an early decision, *Butler v. Industrial Commission,* 50 Ariz. 516, 73 P.2d 703 (1937), as follows:

> "The true test is well set forth in the case of *Marks' Dependents v. Gray et al.,* 251 N.Y. 90, 167 N.E. 181, 183, in the following language:
>
> > 'The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. *Clawson v. Pierce-Arrow Motor Car Co.,* 231 N.Y. 273, 131 N.E. 914. If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.' "

50 Ariz., at 522, 73 P.2d at 705.

In *Hancock v. Industrial Commission,* 82 Ariz. 107, 309 P.2d 242 (1957), the Arizona Supreme Court with approval quoted further from the opinion in the *Marks'* case, *supra,* as follows:

> " ' * * * the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils. * * * To establish liability, the inference must be permissible that the trip would have been made though the private errand had been can-

celed.' " 82 Ariz. at 109, 309 P.2d at 243.

Returning to the claim here involved, it does not appear to be seriously contested that the deceased's planned trip to his home in Phoenix involved a business, as well as a personal purpose. It appears that he left Window Rock at about 4:30 p. m. on Friday, and was killed at about 11:00 p. m. that same evening on the Black Canyon Highway at the outskirts of Phoenix. No one questions that on the following morning, Saturday, he intended to proceed from his home to a construction yard, also in Phoenix, to pick up some parts, pursuant to arrangements made earlier in the week, and thereafter return to Window Rock on Monday morning.[1] The factual controversy arises in the determination of whether:

> ". . . the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon failure of the private purpose, though the business errand [be] undone . . . ." *Marks' Dependents, supra,* 167 N.E. at 183.

In this connection, the respondent employer and respondent carrier presented evidence which indicated that the deceased's trip to Phoenix for personal reasons would have occurred regardless of whether the business purpose was cancelled or not, and that had the personal purpose been cancelled, there would have been no necessity for the special business trip from Window Rock to Phoenix, inasmuch as arrangements could and would have been made for the pick up and transportation of the parts to Window Rock by other employees who were scheduled to leave Phoenix on that same Monday morning. On the other hand, the petitioner presented evidence to the effect that had it not been for the business purpose, the deceased would not have come to Phoenix for the weekend, but rather would have remained in Window Rock.

---

1. If the injury had occurred on Saturday morning while traveling the detour devoted entirely to the business portion of his trip, there does not appear to be any question but that the injuries would have been compensable.

On this issue, among the pertinent findings made by the hearing officer is the following:

"(5) The trip to Phoenix by the deceased was completely voluntary and was primarily for the personal enjoyment of the employee."

While in the above-quoted finding the hearing officer stated that the trip was "primarily" for personal enjoyment, other findings leave no doubt that it was the hearing officer's conclusion that the business purpose would not have occasioned the trip in the absence of the deceased's plans to go to Phoenix, and that the deceased would have made the weekend trip to Phoenix for personal reasons in any event. Thus, Finding 8(2) reads in part:

". . . but such activity [picking up parts in Phoenix] had the implied permission of the employer when deceased told Jim McKnight [the project supervisor] that he was going to Phoenix to see his family in any event."

Further, in Finding 8(4) the hearing officer stated:

"(4) The deceased employee was not to be compensated nor was compensation granted for his trip to Phoenix, testimony indicating that the project supervisor thought the deceased was making the trip to Phoenix as a mission of his own to visit his family."

Also pertinent is the hearing officer's Finding 9(3) which indicates the hearing officer's conclusion that, absent the personal purpose, the trip would not have been made by the deceased for business reasons:

"(3) It would not be reasonable under the facts of this case to expect the most highly paid union person on the job site in Window Rock to make a 600-mile round trip within a 48-hour period to pick up certain parts which could otherwise be picked up and brought to the construction site by other employees hired by AMT from Tiffany, who were scheduled to arrive at the construction site at the beginning of the following work week. . . ."

We have reviewed the record and find that all of the hearing officer's findings are supported by substantial evidence, and therefore must be accepted as conclusive by this Court. *Mountain States Telephone and Telegraph Co. v. Industrial Commission*, 96 Ariz. 72, 392 P.2d 28 (1964); *Price v. Industrial Commission*, 23 Ariz. App. 1, 529 P.2d 1210 (1975); *Mengel v. Industrial Commission*, 18 Ariz.App. 541, 504 P.2d 72 (1972). Accepting the hearing officer's determination of the facts, and applying the principles adopted by the Arizona Supreme Court in *Butler* and *Hancock, supra,* it is our opinion that the award must be affirmed.

The principles initially enunciated in *Butler, supra,* were later applied by the Arizona Supreme Court in a decision involving factual circumstances quite similar to the present case. *Hancock v. Industrial Commission, supra,* involved a construction worker using a pick-up truck belonging to his employer for a weekend visit home, just as in the present case.[2] There, the worker was employed as a carpenter foreman at a job approximately 75 miles northwest of Holbrook, Arizona. He lived in Concho, which is approximately 42 miles southeast of Holbrook. His superior had told him to pick up some rope the next time he was in St. Johns, which is 15 miles east of Concho. On a Saturday, he left the jobsite at about 4:30 p. m. with the intention of spending the weekend at his home in Concho and for the purpose of going to St. Johns to get the rope. While traveling in a pick-up truck which the company furnished him for use in connection with his employment, and while be-

---

2. That the mere use of an employer-furnished automobile does not, in and of itself, require compensability; in addition to *Hancock v. Industrial Commission, supra,* see also, *DuHamell v. Industrial Commission,* 20 Ariz. App. 63, 510 P.2d 62 (1973). For a fact situation wherein the Court found that the employer-furnished automobile, together with other facts, required compensability, *see Strauss v. Industrial Commission,* 73 Ariz. 285, 240 P.2d 550 (1952).

tween the jobsite and his home in Holbrook, there was an accident which resulted in injury to him. After his injury, he testified that the rope was a necessary item for use on the job the following Monday and that the only reason for making the trip was to secure this item of merchandise. The Commission found that the accident did not arise out of or in the course of petitioner's employment. On review, when the injured worker challenged the validity of the award on the basis that he was on a special mission for his employer at the time of his injury, relying upon *Cavness v. Industrial Commission,* 74 Ariz. 27, 243 P.2d 459 (1952), the Arizona Supreme Court quoted the test to be applied from *Butler, supra,* and stated:

> "So far as applicable to the facts of this case, the test merely amounts to this: If the journey would have been made had the private mission been canceled, the employee is in the course of his employment but if the trip would not have been made had the private mission been canceled, the employee is not in the course of his employment. If it be essential to establish liability for compensation that the commission must be able to infer the trip would have been made even though the private errand had been canceled, it is equally true that if the circumstances and evidence be such that it is permissible for the commission to infer the trip would not have been made had the private errand been canceled, we cannot disturb the award which places the petitioner outside the bounds of his employment while making the journey.

> "It occurs to us that the commission was justified in concluding that an employee would not have been sent on a special mission in a truck on a round trip of between 250 and 300 miles to purchase a $2.50 item of rope." 82 Ariz. at 109, 309 P.2d at 243.

On this review, petitioner attempts to distinguish *Hancock, supra,* arguing that:

> ". . . it is clear that the Supreme Court decision [in *Hancock*] turned on

the fact of the insignificance of the rope."

It is true that in its decision in *Hancock,* the court did emphasize the insignificance of the rope in finding that the Commission was justified in failing to give credence to the petitioner's testimony that his only purpose in making the trip was to secure the rope. In comparison to the facts here, it is obvious from the record that the parts to be obtained by the deceased in Phoenix were of greater significance to the employer than was the rope in *Hancock.* However, in our opinion the only importance of this distinction is that here the hearing officer could have considered this greater significance as evidence that the business purpose was one which would have made the deceased's weekend trip to Phoenix necessary even in the absence of any personal purpose. Notwithstanding this, in view of the other evidence presented, he was not *required* to arrive at that conclusion. In this connection we deem especially pertinent the hearing officer's conclusion 8(1):

> "(1) There was no substantial benefit which inured to the employer as a result of the deceased offering to pick up parts in Phoenix, inasmuch as mechanic Thomas Scruggs was scheduled to drive a truck to Window Rock on Sunday or Monday and could have carried needed parts, and since other employees of Tiffany who had been temporarily employed by AMT were scheduled to arrive in Window Rock on Monday, June 10, or soon thereafter."

This finding is also significant in view of arguments advanced, citing 1 Larson's Workmen's Compensation Law, § 18.13, p. 4–160 (1972), as follows:

> "One detail must be stressed to make this rule complete: it is not necessary [to a finding of compensability under the *Marks' Dependents v. Gray* formula] . . . that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time.* It is enough that

someone sometime would have had to take the trip to carry out the business mission." (Emphasis in original). (Footnote omitted).

We emphasize that the hearing officer's Finding 8(1) is expressly in point to the effect that a special trip from Window Rock to Phoenix and back would not have been necessary. As is also stated by Larson:

"The trip should not be considered a business trip merely because the employer might still intend to get the business purpose accomplished whenever it could be done without a special trip." 1 Larson's Workmen's Compensation Law, § 18.13, p. 4–160 n. 7 (1972)

In conclusion, we point out that the above-discussed principles first adopted in *Butler, supra,* are sound and have been reaffirmed and applied by the Arizona Supreme Court, not only in *Hancock,* but also in its more recent decision in *McKay v. Industrial Commission,* 103 Ariz. 191, 438 P.2d 757 (1968). Upon analysis, the arguments advanced by petitioner on this review appear to be that facts were presented to the hearing officer relating to the deceased's position with the respondent, the initial decisions and necessary preparations prior to the actual commencement of the job, the need for a fuel and water supply system on the jobsite, and that these facts required a finding that the deceased was on a special mission for his employer.[3] While we agree that the totality of the evidence might well have supported such a finding, we also find ample evidence in the record to support the hearing officer's conclusions, and thus, the award must be affirmed.

EUBANK, P. J., and NELSON, J., concur.

---

3. Petitioner states in her brief that the gasoline for the trip was furnished by respondent employer. There is nothing in the record to support this statement. The only pertinent testimony which we have found is to the effect that the deceased was not to be paid for time on the trip nor reimbursed for any travel expenses. This Court recognizes that these facts are merely evidentiary, and that the denial of the right to reimbursement for travel expenses does not, in and of itself, require denial of compensability. *Lawrence v. Industrial Commission,* 78 Ariz. 401, 281 P.2d 113 (1955).