799 P.2d 1357

J.D. CAMPBELL, J.D. Campbell Realty Company, Sunrise Water Company, Petitioner Employers,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Robert L. Ritter, Respondent Employee,

Arizona Department of Economic Security–Division of Vocational Rehabilitation, Campbell's Mercantile, Inc., Respondent Employers,

No Insurance Fund of the Industrial Commission of Arizona, State Compensation Fund, Respondent Carriers.

No. 1 CA–IC 89–008.

Court of Appeals of Arizona, Division 1, Department B.

May 8, 1990.

Review Granted Nov. 27, 1990.

Fennemore Craig by John W. Main, Jr., Joseph L. Moore, Associate Counsel, Phoenix, for petitioner Employers.

Anita R. Valainis, Chief Counsel, The Indus. Com'n of Arizona, Phoenix, for respondent and respondent Carrier No Ins. Fund.

Christopher E. Kamper, Chief Counsel, State Compensation Fund, Phoenix, for respondent Carrier State Compensation Fund.

Robbins & Green by Joe M. Romley, Phoenix, for respondent Employer Campbell's Mercantile, Inc.

Jerome, Gibson & Stewart, P.C. by Kathleen M. Bergman, Phoenix, for respondent Employee.

Jones, Skelton & Hochuli by Calvin Harris, Gregory L. Folger, Phoenix, for respondent Employer DES–DVR and respondent Carrier State Compensation Fund.

## OPINION

KLEINSCHMIDT, Judge.

This is a review of an Industrial Commission award for a compensable claim against an employer. The problem arises out of the fact that the employee was injured when he was on a trip that had both a personal and a business purpose. The award was based upon the finding of the administrative law judge that the employee was within the course of his employment at the time he was injured. We find that he was not, and we set aside the award.

J.D. Campbell owns and resides on a small ranch located about thirty miles from downtown Phoenix. He also has a water company, a realty company, and a mercantile company in the same area. He obtained workers' compensation insurance for the mercantile company only. Campbell employed a foreman who mainly worked on the ranch and for the water company, although he occasionally worked for Campbell's other enterprises.

The claimant, Robert L. Ritter, began working for Campbell as a ranch hand in 1986. His normal routine involved morning and evening feeding chores along with vari-

ous other tasks assigned by the foreman. As part of his employment, the claimant resided on the ranch and was subject to 24-hour call.

While he was working for Campbell, the claimant was under the guidance of a vocational rehabilitation counselor for the Arizona Department of Economic Security. The counselor was training the claimant in job-seeking skills and helping him to find another job. On Monday, October 20, 1986, the counselor contacted the claimant regarding a position available with the State of Arizona. The counselor instructed the claimant to obtain a job application and a handicapped preference form from an office in northwest Phoenix and then come to the counselor's office for assistance in completing the forms. The forms were supposed to be submitted by the following Friday. That evening or the following morning, the claimant requested and received permission from the foreman for time off during the afternoon of Tuesday, October 21st, to complete this personal errand.

After the claimant completed the morning feeding chores on October 21st, the foreman told him to paint some sign posts for Campbell's realty company. The claimant was doing this when he ran out of paint. He informed the foreman, and the two of them made a list of materials they needed from the hardware store. The claimant itemized the painting materials, including a quart of paint, paint thinner, and paint brushes. The foreman added miscellaneous items, general stock and hardware necessary for other projects, which he had previously listed as supplies to acquire. The foreman asked the claimant to pick up the items at a particular hardware store if the claimant's personal business left him time to do so.

About two o'clock in the afternoon of October 21st, the claimant left the ranch on his motorcycle. Shortly thereafter, he was involved in a collision and was severely injured.

The claimant timely filed workers' compensation claims against Campbell and his various enterprises. All of the claims were denied, and following protests, consolidated hearings ensued. Our review of the testimony focuses on the evidence relevant to the dual-purpose trip.

The foreman testified that the claimant had requested time off to pick up an application and to see his counselor. The claimant was unsure how long the trip would take but indicated that he hoped to be back for evening chores. After granting this request and then learning that the claimant had run out of paint, the foreman compiled the list of hardware items. The foreman denied that any of the items on the list were urgently needed. He acknowledged that he had been told to prepare the signs "soon," but he testified that this meant within a week or so and that the job was actually finished in December. The foreman also testified that the items were not important enough for a special trip, and he doubted that the claimant would have been sent for them if he were not traveling to town on personal business. He denied instructing the claimant to pick up the items; rather, he testified that he merely requested the claimant to stop if possible. The claimant never indicated to his foreman that he intended to stop at the hardware store first. Finally, the foreman acknowledged that he, the foreman, picked up the items at the hardware store on October 23rd. He explained that a trip to town was necessary to pick up feed, and he stopped at the hospital to see the claimant and at the hardware store during the course of this trip.

The claimant testified that he had not firmly committed to seeing the counselor on October 21st. He explained that he wanted to get back to the ranch for evening feeding chores if possible and, if necessary, his sister could help him fill out the employment application. He acknowledged that the foreman had only requested that he pick up the items if possible, but he testified that he had intended to go to the hardware store first. He explained that he considered it part of his job and would have sacrificed seeing his counselor to accomplish it. Finally, the claimant acknowledged that he would have taken the person-

al trip even if there had not been a business purpose for it. On the other hand, if his personal purpose had been cancelled, he said that it was only possible that he would have made the trip to the hardware store; the ultimate decision would have been the foreman's.

The administrative law judge concluded that the claim was compensable because the injury occurred during a trip which served both a business and a personal purpose. She referred to *Marks' Dependents v. Gray*, 251 N.Y. 90, 167 N.E. 181 (1929) for the general rule that a trip is a business trip if a business motive would have required the trip to be made even if the personal motive for the trip had failed. She then relied on a refinement to that rule—the so-called "someone sometime" test discussed in 1 Larson's *Workmen's Compensation Law*, section 18.13, at 4–267–68 (1985). That test holds that even if the trip would not have been made if the personal motive for it failed, the trip remains a business trip if someone at sometime would have had to undertake a special trip to accomplish the business purpose. The administrative law judge found the claimant to be a truthful witness, believed that he did intend to go to the hardware store, and concluded that someone sometime was going to have to make the trip to the hardware store. She noted that, in fact, the foreman did make the trip only two days after the accident, although its purpose then was combined with other reasons to make the trip. This decision was affirmed on review, and this special action followed.

Campbell first asserts that Arizona has rejected the "someone sometime" test relied on by the administrative law judge. He also argues that even if the "someone sometime" test is the law of Arizona, the administrative law judge interpreted it too broadly. We hold that Larson's "someone sometime" test is the law of Arizona, but that the administrative law judge misapplied it to the facts of this case.

■ Campbell's argument that Arizona has rejected the "someone sometime" rule is based upon his interpretation of our su-

preme court's ruling in *McKay v. Industrial Comm'n*, 103 Ariz. 191, 438 P.2d 757 (1968). In that case, the claimant, who owned a dress shop, was injured while on her way home from work. At the time, she was also taking home a cash register she had at the shop to show to her husband who was interested in purchasing it. When the court of appeals considered the case, it found that the injury had occurred in the course of employment. The court of appeals expressly adopted the "someone sometime" rule even though it believed that the rule might run counter to a case previously decided by the supreme court, *Butler v. Industrial Comm'n*, 50 Ariz. 516, 73 P.2d 703 (1937). The court of appeals believed that it was not bound by supreme court precedent in workers' compensation cases.

The supreme court, quoting from *Marks' Dependents*, vacated the court of appeals decision and applied the general rule laid down in *Butler*:

> If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own.... If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon the failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.

*McKay*, 103 Ariz. at 192, 438 P.2d at 758.

There are several reasons why we do not believe that *McKay* is a rejection of Larson's "someone sometime" rule. First, *McKay* does not expressly reject the rule. Second, under the facts of *McKay* the "someone sometime" rule simply does not clearly apply. A proper reading of those facts does not establish that a special trip would ever have been required to accomplish the business purpose that had been undertaken. The court of appeals may simply have misapplied the "someone sometime" rule in *McKay*. So, too, the supreme court's reaffirmation of *Butler* cannot be

taken as a rejection of the "someone sometime" rule because *Butler* did not involve a trip that was undertaken for both business and personal reasons, but instead concerned an employee travelling between jobs purely on business with the consent of both employers. The supreme court in *Butler* merely held that the usual rule that excludes compensation for accidents which occur while an employee is commuting between home and work did not apply. *Butler*, 50 Ariz. at 523, 73 P.2d at 705–06. Consequently, in *Butler* there was no need to discuss the dual-purpose aspect of the *Marks' Dependents* rule and certainly no need to consider the "someone sometime" rule.

We disagree with Campbell's conclusion that Larson's "someone sometime" rule is inconsistent with the holding in *Marks' Dependents*. Interpreting that decision, Larson emphasizes that there is no need to evaluate the primary purpose of the trip, nor must a court find that absent the personal motive, the business trip would have been taken *"by this particular employee at this particular time."* 1 Larson, *supra*, § 18.13 at 4–267–68 (emphasis in original).

> It is enough that someone sometime would have had to take the trip to carry out the business mission. Perhaps another employee would have done it; perhaps another time would have been chosen; but if a special trip would have had to be made for this purpose, and if the employer got this necessary item of travel accomplished by combining it with this employee's personal trip, it is accurate to say that it was a concurrent cause of the trip, rather than an incidental appendage or afterthought.

*Id.* This rule is not presented as a modification of *Marks' Dependents*, but rather as the correct reading of that case. *See id.*

We find further support for the application of Larson's rule when we consider this court's decision in *Kriese v. Industrial Comm'n*, 27 Ariz.App. 318, 554 P.2d 914 (1976), the facts of which more closely parallel this case than do the cases previously discussed. In *Kriese*, an employee embarked on a dual-purpose trip from a remote work site to Phoenix to visit his family and to obtain equipment necessary at the job site. Other workers who were traveling from Phoenix to the work site, however, could have obtained the equipment without a special trip. In the course of the trip, the employee was killed before reaching Phoenix. His widow argued the death was compensable based on application of Larson's "someone sometime" theory and the fact that it is unnecessary to find "that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time."* *Id.* at 322–23, 554 P.2d at 918–19 (citing 1 Larson's *Workmen's Compensation Law*, § 18.13 at 4–160 (1972)). In rejecting this argument, the court noted that Larson's theory requires a special trip to accomplish the business purpose. *Id.* at 323, 554 P.2d at 919. Despite the importance of the equipment, which someone sometime would have had to obtain in Phoenix and transport to the job site, the claim was noncompensable because the job could have been done by the other workers *without a special trip. See also Hancock v. Industrial Comm'n*, 82 Ariz. 107, 309 P.2d 242 (1957).

In support of its conclusion, the court in *Kriese* noted that these principles were first adopted in *Butler*, and more recently affirmed by the Arizona Supreme Court in *Hancock* and *McKay*. *Kriese*, 27 Ariz. App. at 323, 554 P.2d at 919. Consequently, based on a careful reading of the Arizona cases on point, we find the position advanced by Campbell, that Arizona has repudiated the "someone sometime" rule, is incorrect.

Because we disagree that Arizona has rejected the "someone sometime" theory, we turn to Campbell's narrower argument that the administrative law judge misapplied the rule. Campbell asserts that the administrative law judge merely found that someone at sometime would have to travel to get the paint necessary to complete painting the posts and that, indeed, the foreman had made this trip only two days after the claimant's accident. This finding is insufficient to support the award because the question is not whether the business purpose is too important to abandon, but whether it is sufficiently important to

justify a special trip. Larson amplifies this point as follows:

> The trip should not be considered a business trip merely because the employer might still intend to get the business purpose accomplished whenever it could be done without a special trip.... The employer might also intend that the business errand should be run the next time the employee (or some other employee) happens to make the trip for another reason.

1 Larson, *supra*, § 18.13 at 4-268 n. 7 (citing, *inter alia*, *Hancock*). In the present case, it is uncontradicted that such a special trip would not have been undertaken for the hardware items and, indeed, the foreman did not undertake a special trip for them.

 The claimant argues that this finding applying the someone sometime rule was superfluous because the finding accepting claimant's credibility established that the business errand was a concurrent cause of the trip. We disagree. The credibility finding merely established that claimant had an actual, rather than a contingent, business purpose. But this alone does not establish that the business purpose was a concurrent cause of the trip. The *Marks' Dependents* test for a concurrent cause is whether a business trip would be necessary even if the personal trip was cancelled. In the present case, there is no evidence that the claimant would have been sent to the hardware store if his personal mission had been cancelled. Instead, the evidence is that an alternative special trip to accomplish the business purpose would not have been made. Nor does it follow that the first part of the trip was for business because claimant intended to do Campbell's business first. *See, e.g.,* 1 Larson, *supra,* § 19.21 at 4-341-42 (1985).

For these reasons, we conclude that the evidence will not support a finding that the accident which occurred in the course of the dual purpose trip was compensable. Based on this conclusion, we must set aside the award.

 The claimant also filed claims for compensation against the Arizona Department of Economic Security—Division of Vocational Rehabilitation, which is insured by the State Compensation Fund. He did this when he realized, well along in the case, that DES had provided workers' compensation for him when he was in the rehabilitation program. The administrative law judge dismissed this claim as untimely filed. Campbell, not the claimant, has appealed this dismissal without articulating his interest in it. We assume that his interest is the limited one of joint liability. *See, e.g., Butler,* 50 Ariz. at 524-25, 73 P.2d at 706-07 (dual employers jointly liable for injury). Because we have concluded that Campbell is not liable for the injury occurring during claimant's dual purpose trip, Campbell has no interest in the dismissed claim against DES. Accordingly, we proceed no further with respect to this issue.

Award set aside.

JACOBSON, Acting P.J., and SILVERMAN, J., concur.

The Honorable BARRY G. SILVERMAN was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, section 3.